## THE STATE v. ROSIER.

1. **Criminal Law**: FAILURE TO PRODUCE WITNESS: PRESUMPTION. The fact that a person having knowledge of material facts is not produced as a witness in a criminal trial cannot be considered as a circumstance against the defendant, where the evidence is equally accessible to the prosecution.

*Appeal from Fayette District Court.*

THURSDAY, MARCH 24.

THE defendant was charged with the crime of willfully and maliciously burning a certain barn in the night time. Upon a trial he was convicted and sentenced to imprisonment in the penitentiary for the period of ten years. Defendant appeals.

*Ainsworth & Hobson* and *Murdock & Larkin*, for appellant.

*J. F. McJunkin, Attorney General,* and *Cyrus Wellington, District Attorney,* for the State.

ROTHROCK, J.—I. The barn in question, which was a large and valuable one, was consumed by fire on the night of the 13th of March, 1879. The evidence against the defendant, aside from some alleged threats against the owner of the barn, and some admissions made after the barn was destroyed, consisted principally in the similarity of certain boot tracks with tracks made by those supposed to have been worn by the defendant, and which tracks were found leading towards the barn and away from it to the dwelling-house of one Rush, some three or four miles distant. There had been a fall of snow on the day before the fire, which it was claimed enabled the parties in search of evidence to trace the tracks to the house of Rush. After the fire a pair of rubber boots were found in Rush's house, and which he or his wife delivered to one Farr, a witness, with the statement that the boots belonged to Rush. There was no evidence that the boots were the property of the defendant, and it does not appear that he made his home with Rush. There was evidence tending to show that the defendant was at the home of Rush on the evening before the fire, and that he was there the next morning, and witnesses testified that he afterward stated that he remained at the house of Rush during the night. Rush was not called as a witness by either party.

*1. CRIMINAL law : failure to produce witness : presumption.*

The court in the thirteenth paragraph of its charge instructed the jury as follows:

"XIII. If you find from the evidence that the defendant on the afternoon or evening previous to the fire was in the company and at the dwelling-house of Charles Rush, and in the morning after the fire was at the dwelling-house of Charles Rush, and in his company; or if you find that he stayed there a part of the night in company or to the knowledge of Charles Rush, then the fact that defendant does not produce Charles Rush here as a witness, nor show any reason why he is not so produced, is a circumstance that may be construed against the defendant as unfavorable to the presumption of innocence."

This instruction appears to us to be erroneous. It is undoubtedly correct that the suppression or destruction of evidence is a circumstance to be considered against a party charged with a crime; and while it is true that everything essential to the establishment of the charge lies upon the prosecution, because of the presumption of innocence which always obtains in favor of the defendant, yet the non-production of explanatory evidence clearly in the power of the defendant must weigh against him. Wharton's Crim. Law, 347. But this rule has no application where the evidence is equally within the reach of both parties. In the case at bar Charles Rush was as important a witness for the State as he was for the defendant. It was a most material fact for the State to show by Rush, or by some other witness who had knowledge of the fact, that the defendant did not remain at his house during the night, and that the rubber boots were taken and worn by the defendant. In *Com. v. Webster*, 5 Cush., 295, it is said " where probable proof is brought of a state of facts tending to criminate the accused, the absence of evidence to the contrary conclusion is to be considered, though not alone entitled to much weight, because the burden of proof lies on the accuser to make out the whole case by substantive evidence. But when pretty stringent proof of circumstances is produced tending to support the charge, and it is apparent that the accused is so situated that he could offer evidence of all the facts and circumstances as they existed, and show, if such was the truth, that the suspicious circumstances can be accounted for consistently with his innocence, and he fails to offer such proof, the natural conclusion is that the proof, if produced, instead of rebutting would tend to sustain the charge. But this is to be cautiously applied, and only in cases where it is manifest that proofs are in the power of the accused not accessible to the prosecution."

II. Other alleged errors are argued by counsel. As the judgment must be reversed for the error in giving the instruc-

tion above set out, it is unnecessary to further elaborate this opinion, inasmuch as the errors complained of, if errors they be, will not likely occur upon a retrial. We may, however, say in conclusion that when it is sought to convict a party of so grave a crime upon circumstantial evidence, it would be much more satisfactory if the State would call as witnesses the parties who were last known to be in the barn on the night of the fire, and show by them its condition when they left it.

REVERSED.