## THE STATE v. COUSINS.

1. **Criminal Law**: EVIDENCE: ACCOMPLICE. No presumption arises against the defendant in a criminal case, on account of his failure to call an alleged accomplice as a witness in his behalf.

*Appeal from Monroe District Court.*

SATURDAY, APRIL 22.

THE defendant, Frank Cousins, was jointly indicted with one Peter Hilliard for the crime of robbery. Upon motion of the defendants it was ordered that they be allowed separate trials. The defendant Cousins was thereupon placed on trial, and was convicted. He appeals. The facts are stated in the opinion.

*Henry L. Dashiel*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

DAY, J.—The court instructed the jury as follows: "The defendant had the right to call as a witness his co-defendant, Peter Hilliard, and the fact that he has not done so when the said Hilliard could have been called and examined, being in the control of the sheriff, if you so find, is a circumstance that may be taken against him, and you may give it just such weight as you think it entitled to, as reasonable men." It is claimed by the appellant that this instruction is erroneous. The doctrine, that the failure of the accused to introduce evidence explanatory of inculpatory circumstances, may be regarded as a circumstance against him, is to be cautiously applied, and only in cases where it is manifest that proofs are in the power of the accused not accessible to the prosecution. Wills on Circumstantial Evidence; 5th Am. ed., 1876; *Com. v. Webster*, 5

Cush., 295; *State v. Rosier*, 55 Iowa, 517. A defendant in a criminal case is by statute made a competent witness in his own behalf, but the fact that he does not become a witness is not to have any weight against him, and must not be alluded to on the trial. Miller's Code, § 3636. There is even greater reason why the failure to call as a witness an alleged accomplice, should not be regarded as a circumstance against the accused. A degree of discredit is by the State cast upon the accomplice by accusing him of a crime, and the defendant might well conclude that his testimony would have but little weight. The accused may, in fact, be innocent, and the alleged accomplice guilty. Under such circumstances, the accused might be greatly prejudiced if he should call his co-defendant, who might shield himself at the expense of the other party. Besides, one charged with a crime scarcely ever acts naturally, and the testimony of a really innocent party, accused of a crime, might be of such a character, and presented in such a manner, as to create a strong suspicion of guilt. In addition to all this the alleged accomplice was as accessible to the State as to the defendant. Under the doctrine of *State v. Rosier*, 55 Iowa, 517, no presumption arises against the defendant, on account of his failure to call Hilliard as a witness. We unite in the opinion that the court erred in giving this instruction.

REVERSED.