## ALLEN DUNKIN v. STATE.

No. A-7992.  Opinion Filed Aug. 15, 1931.

(2 Pac. [2d] 285.)

J. M. Springer, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county of the larceny of domestic fowls, and his punishment fixed by the jury at a fine of $100, and imprisonment in the county jail for a term of 30 days.

Defendant assigns numerous grounds of error, but for the purpose of disposing of this appeal it will only be necessary to consider one, viz.:  That the closing argument of the county attorney was prejudicial and unfair, and was an appeal to the passion and prejudice of the jury, and prevented the defendant from having a fair and impartial trial.

It appears from the record that the county attorney made the following statement in his closing argument to the jury:

"You see Cynthia Bowers and Frank Dunkin sitting here in the court room. Why didn't the defendant call them as witnesses?

"By Mr. Springer: The defendant objects to that argument and requests the court to instruct the jury that the argument is improper and instruct the jury not to consider the argument.

"By the Court: Sustained, and the jury will not consider the statement. Remember the statements of the witnesses that have testified and depend entirely on such evidence that has been permitted to go to you in the testimony."

In Mulkey v. State, 5 Okla. Cr. 76, 113 Pac. 532, 533, in paragraph 7 of the syllabus, this court said:

"A prosecuting attorney must confine his argument to a fair discussion of the issues in the case and the legitimate argument on the part of the defendant, and, where a prosecuting attorney in his closing argument to the jury went outside of the record and appealed to the passions and prejudices of the jury, the strength of the testimony against the defendant will be considered, and, if the improper argument may have determined the verdict, a new trial will be granted."

See, also, Watson v. State, 7 Okla. Cr. 590, 124 Pac. 1101; Morgan v. State, 9 Okla. Cr. 22, 130 Pac. 522.

This court fully discusses the question involved in this case in the cases of Hopkins v. State, 11 Okla. Cr. 385, 146 Pac. 917; Wells v. State, 29 Okla. Cr. 11, 231 Pac. 1087; Simpson v. State, 40 Okla. Cr. 58, 266 Pac. 783, and laid down the rule that a judgment will not be reversed because of this species of argument, unless the case is

close on the facts. The record discloses that the facts in the case at bar are close, and for that reason we are constrained to hold that it was misconduct for the county attorney to refer to the fact that defendant had not called his codefendants as witnesses to testify in his behalf, and that such misconduct constitutes reversible error. One of the reasons for thinking that this argument of the county attorney may have influenced the verdict of the jury is that the jury fixed defendant's punishment at a fine of $100 and 30 days in the county jail. If he was guilty of anything, it was a felony, and his punishment should have been comparable to the crime charged.

For the reasons stated, the case is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.