STATE OF IOWA, appellee, v. M. C. KATZ, appellant.

## No. 47425.

(Reported in 40 N.W. 2d 41)

DECEMBER 13, 1949.

Gamble, Read, Howland, Gamble & Riepe, by John H. Martin and C. A. Leland III, all of Des Moines, and Paul R. Stinson and Dick·H. Woods, both of Kansas City, Missouri, for appellant.

Robert L. Larson, Attorney General, Edwin S. Thayer, County Attorney, and Paul C. McDonnell, Assistant County Attorney, for appellee.

HAYS, C. J.—The defendant, M. C. Katz, was accused of the crime of infringement of civil rights and on a trial to a jury was found guilty. The information was in substance as follows: "That the defendant * * * did unlawfully and wilfully and feloniously infringe úpon the civil rights of one John Bibbs by refusing to serve him at the soda fountain in violation of section 735.1, Code of 1946." Prior to a trial upon a plea of not guilty, a demurrer to the information and a motion to quash was overruled. The defendant appeals.

Appellant is the manager of the Katz Drug Store in Des Moines, Iowa. This store operates a lunch counter at which food and soft drinks are served to the general public, this being a department of the drugstore. On July 7, 1948, three Negroes, John Bibbs, Edna Griffen and Leonard Hudson went to the Katz store where two of them, Bibbs and Mrs. Griffen, took seats at the soda fountain. The three, as witnesses for the State, testify in substance: that after waiting for a few moments a waitress took their orders and as she started to fill them a boy whispered something to her and she then informed the witnesses that "we don't serve colored"; that they asked to see the manager, and a Mr. Gore, fountain manager, came to the fountain; upon being asked why they were not served, Gore stated, "it is the policy of our store that we don't serve colored; we don't have the proper equipment." The general manager, the defendant, M. C. Katz, was called to the fountain and when asked why they were not being served, stated, "I cater to a large volume of white trade and don't have the proper equipment to serve you." Both Mrs. Griffen and John Bibbs state that they did request service of either Mr. Gore or Mr. Katz. Mr. Hudson states that he told Mr. Katz that he desired a drink at the fountain.

Appellant-Katz and Mr. Gore appeared as witnesses for the appellant. They each state that the three Negroes created a disturbance and that in such a situation, when a disturbance is created whether they be white or black "we don't serve them." A fair deduction from the record is to the effect that Negroes have never been served at the fountain in the Katz store. It also is a fair deduction that the three Negroes, all members of Progressive Party of Iowa, by prearrangement went to the Katz store for the purpose of making a test case in the event that they were denied service.

■ I. Appellant assigns as error the overruling of the demurrer to the information, asserting that the same does not charge a crime. Section 735.1, Code of 1946, provides:

"All persons within this state shall be entitled to the full and equal enjoyment of the accommodations, advantages, facilities, and privileges of inns, restaurants, chophouses, eating houses, lunch counters, and all other places where refreshments are served, public conveyances, barber shops, bathhouses, theaters, and all other places of amusement."

Section 735.2 states:

"Any person who shall violate the provisions of section 735.1 by denying to any person, *except for reasons by law applicable to all persons,* the full enjoyment of any of the accommodations * * * or by aiding or inciting such denial, shall be guilty of a misdemeanor * * *." (Italics supplied.)

It is appellant's claim that an information which does not negative the exception in the statute, noted above, fails to state a crime. The case of State v. Hall, 72 Iowa 525, 34 N.W. 315, is cited as authority for this position—and it holds just that—but appellant overlooks chapter 266, sections 1 to 33, Acts of Forty-third General Assembly (sections 773.2 to 773.34, inclusive, Code of 1946), and enacted long after the decision in the Hall case. Section 773.23 provides: "No indictment for an offense created or defined by statute shall be invalid or insufficient merely for the reason that it fails to negative any exception, excuse or proviso contained in the statute creating or defining the offense." Section 773.33 states: "* * * no information for a nonindictable offense which charges the offense in accordance with the provisions of this act shall be held to be insufficient." See State v. Dunley, 227 Iowa 1085, 290 N.W. 41. The demurrer was properly overruled.

■ II. Another assigned error is· the admission of certain evidence. The testimony complained of was adduced upon cross-examination. Witness Gore was asked: "Q. As a matter of fact, Mr. Gore, have you ever served colored people in Katz Drug Store? A. No, I haven't. * * * Q. But as a matter of fact you don't serve colored people, do you? A. That is true."

Appellant-Katz was asked: "Q. What is the fact as to whether or not you do serve colored people? * * * A. I haven't served any. Q. Since you have been manager of the Des Moines store? A. No, I wouldn't say that. Q. On that particular day, you did not? A. No, sir." The objection interposed in each instance was in substance that it did not tend to prove any issue in the case and calls for matters collateral to any facts that occurred on the day in question. No question as to it not being cross-examination is raised. The crime charged is that appellant denied to John Bibbs equal service, contrary to the civil rights statute. It was incumbent upon the State to prove not only a denial of service, but also that this denial of service was not "for reasons by law applicable to all persons." A showing by the State that it was the policy of appellant to deny service to colored people generally is definitely pertinent to the question as to whether the denial was discriminatory and also as to the existence of a disturbance as claimed by appellant.

Reliance is also placed upon the general rule that a party charged with a crime may not be shown guilty thereof by evidence showing that he has committed other crimes. This rule is well-recognized by this court but we also recognize certain exceptions thereto. Conceding, but not holding, that the evidence in question shows the commission of other crimes, it is clear that such evidence tends to show a planned policy or intent to violate the specific statute, a violation of which is here charged. That under such a situation such evidence is admissible as an exception to the general rule, see State v. Dunne, 234 Iowa 1185, 15 N.W. 2d 296; State v. Wheelock, 218 Iowa 178, 254 N.W. 313; State v. Rand, 238 Iowa 250, 25 N.W. 2d 800, 170 A. L. R. 289; State v. Cotton, 240 Iowa 609, 33 N.W. 2d 880; 22 C. J. S., Criminal Law, section 688. Such evidence was clearly competent and material.

III. Another assignment of error concerns statements made by the State's attorney. At the close of the appellant's case the State's attorney said:

"At this time the State would like to ask leave to—we would like a recess, a brief recess for the purpose of obtaining the waitress who acted in this case. It never occurred to me that the

waitress would not be brought here, and I would like the jury to hear her side of this story.

"The Court: You, as the State, want to put on defendant's witness?

"Mr. McDonnell [State's attorney]: "I want to bring the witness as a rebuttal witness.

"The Court: If they want to bring in their own witnesses they can do so."

Appellant objected to the statement of counsel as highly prejudicial and asked that the jury be admonished to disregard counsel's remarks. The objection was overruled. We find nothing prejudicial in counsel's remarks. However, as to remarks of the court, to which no objection was interposed and which we do not find to be sufficient to warrant a reversal, we do not approve thereof.

Appellant also objects to certain remarks made by counsel for the State in his argument, and cites the cases of State v. Rosier, 55 Iowa 517, 8 N.W. 345, and State v. Cousins, 58 Iowa 250, 12 N.W. 281. Both cases deal with instructions to a jury as to a presumption existing against a party for failure to call a witness and are not in point here. The argument in question was not reported and the only record we have is that during the argument the attorney for the State told the jury that the State could not call the waitress as a witness, but that she was available to the defendant and that the jury should have heard her statement. An objection to the same was overruled. Assuming that the record is properly before us, under the authority of State v. Peirce, 178 Iowa 417, 159 N.W. 1050, and State v. Boyd, 199 Iowa 1206, 200 N.W. 205, the trial court did not err in overruling the objection.

IV. Error is assigned in the giving of instructions Nos. 3 and 4 and in refusing to give requested instructions Nos. 3 and 4.

Instruction No. 3 stated that the State must show that the defendant did infringe the civil rights of John Bibbs by refusing him food or drink. Instruction No. 4 told the jury that if it found the defendant refused to serve food or drink to John Bibbs it should convict the defendant. Instruction No. 7 told the jury that before it could convict the defendant, the State must

show that the defendant refused to serve John Bibbs and that such refusal was on account of his race, creed or color. Instruction No. 10 told the jury to consider all of the instructions and to construe them together. It is a rule too well-established to call for a citation of authority that in scrutinizing a trial court's instructions to a jury for possible error the charge must be read in relation to the context. It cannot properly be separated into parts and these treated piecemeal. See, however, State v. Heinz, 223 Iowa 1241, 275 N.W. 10, 114 A. L. R. 959; State v. Mart, 237 Iowa 181, 20 N.W. 2d 63. When read together with the other instructions we find no error in instructions Nos. 3 and 4.

In refusing requested instructions Nos. 3 and 4 no error was committed, as the trial court gave the substance thereof in its instructions.

V. Finally, appellant assigns as error the giving of instruction No. 8. The instruction said in part:

"There is no dispute that the defendant was the manager of the Katz Drug Store here in Des Moines, Iowa; that the refusal, if there was one, was made by the defendant's servant who was a waitress in his employ and who came forward and talked to John Bibbs at the time."

The objection is that the instruction erroneously emphasized the testimony of the State's witnesses, erroneously accepted as correct their testimony and gave undue prominence to the State's case. The language used by the trial court in the above instruction is unfortunate, but under the record herein we do not find it to be error. While under a plea of not guilty all of the material allegations of the charge are denied, and the matter of a refusal and by whom are material and require proof, no prejudice to appellant exists by stating that there is no dispute regarding the same. This is because nowhere in the record is there any denial of the statement made by the State's witnesses that they were refused service by an employee of appellant, and for the further reason, that appellant submitted his case upon the sole theory that service was denied due to disturbances created by the three Negroes. This theory was submitted to the jury by the court in its instructions and the jury found against appellant thereon.

Finding no error sufficient to warrant a reversal the judgment of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur.