## HOVERTER *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 67, September Term, 1962.]

*Decided March 6, 1963.*

Before the full Court.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of commitment to Patuxent, following a third determination that the applicant was a defective delinquent. The applicant contends that it was error for the State to comment to the jury on the failure of the defense to produce a psychiatrist who had examined him, at State expense, and that such comment violated the applicant's constitutional right against self-incrimination. The applicant further contends that a copy of his psychiatrist's report was improperly put before the jury.

The alleged remark by the State's Attorney was: "[A]t the outset I told you that the defendant-inmate is entitled to have a psychiatrist of his own choice examine him, consult with him and testify for him at the State's expense. He testified and conceded he was examined by a psychiatrist of his own choice. What that psychiatrist would have testified to I am not at liberty to say, because I do not know. The psychiatrist is not here, we all know that. But Dr. Boslow was here. He had all his medical reports, all of his daily reports, voluminous reports, at the institution."

There was an objection to the remark, but the trial court ruled that the comment was proper. We agree. It is clear the proceeding is civil in nature. *Eggleston v. State,* 209 Md. 504; *Simmons v. Director,* 227 Md. 661; *McCloskey v. Director,* 230 Md. 635. In a civil case it is well settled that failure of a party to produce an available witness who could testify on a material issue, if not explained, gives rise to an inference that the testimony would be unfavorable, and is a legitimate subject of comment by counsel in argument to the jury. 58 Am. Jur. *Witnesses,* Sec. 8. See also *Maszczenski v. Myers,* 212 Md. 346, 355 and *U. S. v. Hopkins,* 169 F. Supp. 187, 195 (D. C. Md.) ; 2 Wigmore, *Evidence* (3d ed.), § 285; 53 Am. Jur. *Trial,* § 475 ; 70 A.L.R. 1326.

The short answer to the contention that the comment violated a constitutional right against self-incrimination is, again, the fact that this was a civil proceeding. Moreover, the right is personal, and could not conceivably apply to the argument of opposing counsel. The applicant had asked for the examination

610

in the first place. He voluntarily took the stand and admitted he had been examined by Dr. Kolker and that Dr. Kolker was available. As a matter of fact, the report is contained in the record, and it is unfavorable to the applicant since it expressed the opinion that he was a defective delinquent. On the last point, however, it does not appear that this report was shown to the jury.

*Application denied.*