CHRISTENSEN *v.* STATE OF MARYLAND

[No. 145, September Term, 1974.]

*Decided March 5, 1975.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and O'DONNELL, JJ.

*Albert D. Brault,* with whom were *Brault, Scott & Brault* on the brief, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court.

Petitioner, William Dean Christensen (Christensen), was convicted of attempted rape by a Montgomery County jury after trial on that charge and charges of kidnapping, assault with intent to rape, assault and battery, and assault. The conviction was affirmed in *Christensen v. State,* 21 Md. App. 428, 320 A. 2d 276 (1974). We granted the writ of certiorari in order that we might consider Christensen's contention that application of the "missing witness" rule in criminal cases is "an unconstitutional deprivation of the defendant's right to confrontation and cross-examination as guaranteed under the Sixth Amendment of the United States Constitution and Article 21 of the Declaration of Rights in the Maryland Constitution," and that, "assuming that the missing witness rule is not unconstitutional," that "it [was not] applicable in the present case." We shall not address ourselves to the first contention because we conclude that the rule is not applicable to this case. For the same reason we shall be obliged to reverse the conviction.

The rule, as stated in 1 Underhill, *Criminal Evidence* § 45 (rev. 6th ed. P. Herrick 1973), is:

> "The failure to call a material witness raises a presumption or inference that the testimony of such person would be unfavorable to the party failing to call him, but there is no such presumption or inference where the witness is not available, or where his testimony is unimportant or cumulative, or where he is equally available to both sides. The presumption or inference that the testimony of a missing witness would be unfavorable is applied

most frequently when there is a relationship between the party and the witness, such as a family relationship, an employer-employee relationship, and, sometimes, a professional relationship. Generally, the accomplice-defendant relationship does not raise an inference against the defendant. In view of his constitutional privilege, no inference is raised against a defendant who does not testify, but if he does become a witness and then fails to explain away incriminating circumstances, such failure may be taken against him." *Id.* at 91.

To like effect see 1 Wharton, *Criminal Evidence* § 148 (13th ed. C. Torcia 1972). For its application in a civil context see *Clark-King Constr. v. Salter,* 269 Md. 494, 507-08, 307 A. 2d 485 (1973); *Hoverter v. Director,* 231 Md. 608, 609, 188 A. 2d 696 (1963); 29 Am.Jur.2d *Evidence* § 180 (1967); 31A C.J.S. *Evidence* § 156 (3) (1964); and 2 Wigmore, *Evidence* §§ 285 and 286 (3d ed. 1940). An excellent explanation of the rule, with a statement as to what we regard as the preferred procedure to be followed in a case where a jury instruction on the subject is requested, appears in *State v. Clawans,* 38 N. J. 162, 183 A. 2d 77, 81, 82 (1962).[1]

---

1. In *Clawans* the New Jersey court said:

"Application of the above principles is particularly perplexing and difficult where a litigant requests a charge to that effect. Such request normally comes at the conclusion of the entire case without warning to the opposition. The allegedly defaulting party is not accorded an opportunity to justify or explain his failure to call the witness. It is conceivable that the factual situation involved in the litigation and the relationship of the parties to the witnesses, are such that the trial judge may properly reach a conclusion as to whether an inference could arise without the necessity of proof in explanation and therefore without prior warning of the intention to request a charge. The better practice, however, is for the party seeking to obtain a charge encompassing such an inference to advise the trial judge and counsel out of the presence of the jury, at the close of his opponent's case, of his intent to so request and demonstrating the names or classes of available persons not called and the reasons for the conclusion that they have superior knowledge of the facts. This would accord the party accused of nonproduction the opportunity of either calling the designated witness or demonstrating to the court by argument or proof the reason for the failure to call. Depending upon the particular circumstances thus disclosed, the trial court may

Little is to be gained by a recitation here of all the facts and circumstances of this case. Suffice it to say that the testimony of the prosecuting witness and of Christensen are in agreement that while in the Georgetown section of the District of Columbia she entered a motor vehicle operated by him; that she rode in the vehicle to Christensen's home in the Kensington section of Montgomery County; that she there left the vehicle; that she subsequently re-entered the vehicle; and that a neighbor of Christensen, Jesse Paine, was present at all times that she was in the vehicle. The prosecutrix said that Paine forced her to re-enter the vehicle. She alleged that Christensen attempted to rape her after the re-entry, which he denied. Paine did not testify. There was testimony from the prosecutrix that Christensen told Paine that Christensen would "get her first" and that Paine could "have her after [Christensen]."

Christensen requested a jury instruction that "there [was] no duty on the defendant to produce [Paine] and no inference [should] be drawn from the fact that he wasn't produced." The State opposed this request, although it conceded that counsel for Christensen had done all in his power to locate Paine. It claimed that the jury was indeed entitled to draw an inference from the absence of Paine, apparently believing, as expressed in its brief here and in the Court of Special Appeals, that Christensen had failed to disclose to his attorney full and complete information as to the whereabouts of Paine. No evidence was presented to that effect. The record on the argument relative to this requested instruction includes:

> " (Mr. Brault) There is another problem here, Your Honor, to take into account; even if this man were called to testify, under the State's theory they would be saying that the defendant would have to call a co-defendant, who would be subject to indictment, if the State is correct in its theory, and

determine that the failure to call the witness raises no inference, or an unfavorable one, and hence whether any reference in the summation or a charge is warranted." *Id.* 183 A. 2d 82.

incriminate himself, and, of course, we all know that even if I called this man, if he had a grain of sense, and certainly if he had a lawyer, he would invoke the Fifth Amendment.

" (The Court) I don't know whether he would or not. He might decide to testify in exchange for leniency from the State. I don't know. I can't draw that conclusion.

" (Mr. Brault) I think that is patently clear, Your Honor, if the State's theory is right, the man would jeopardize himself unless the State granted him immunity in exchange for his testimony.

" (The Court) We can't make any conjecture on that point.

" (Mr. Brault) I understand, but I think the defendant is entitled to a fair trial, and I don't think that he is required to call someone under these circumstances to his jeopardy, Your Honor, as the Court said in *Nelson* [*v. State*, 5 Md. App. 109, 245 A. 2d 606 (1968),] and *DeGregorio* [*v. United States*, 7 F. 2d 295 (2d Cir. 1925),] and the other cases, if that were the case, then the party to a suit would always have to call every witness no matter how cumulative the evidence might be at this jeopardy [sic] because if he didn't, the other side would argue that the jury should infer something horrible about the testimony, and the State intends to argue that this man would testify adversely.

"There is no evidence at all in this case that would suggest that he would testify adversely.

" (The Court) Gentlemen, let's be realistic about this matter. Let's be realistic about it. All through the testimony there has been an indication that there was another man with this defendant, and that other man has not been produced and is not here today.

"Now, I am not going to comment and neither is

the State as to any lack of diligence on your part, but the jury can certainly infer that this man was a friend of this defendant, and he was with him, and he lived in the same block, and the State in an effort to convict can make fair argument with respect to that, and, for the record, since you are appointed counsel, Mr. Brault, I want it clear that you have done an excellent job in defending this man, and there is no criticism whatsoever to be laid to you because you did not produce this man, and I accept your statement for the record out of the jury's presence that you attempted to and could not locate him."

Near the conclusion of the State's opening argument to the jury counsel for the State said:

"There are a couple of things I would like to comment about the Defendant's version of this case, just one point, and on this point I am not going to say much, not going to say much because I'm going to leave it to your common sense, as l am leaving everything in this case, that is the question of Jesse Paine."

This immediately brought defense counsel to his feet with a request to approach the bench where he said to the trial judge that he did not "want to waive [his] objection to the State's commenting on Jesse Paine," that he wished "to repeat for the record that [he] t[ook] serious objection to the State's making comment on this subject, that they [were] transferring the burden of investigation and the burden of proof, and they [were] not entitled to do that." After the trial judge advised that he did not agree with defense counsel, the State proceeded with argument, saying:

" (Mr. Santoro) Now, ladies and gentlemen of the jury: Like I was saying about Jesse Paine, I'm not going to say very much to you. He's not here. This is your decision. Perhaps if he were here, he would be able to help us search for truth in this case. That is all I'm saying.

"One other point: Mr. Christensen in answer to my questions on the stand said that after he had been arrested in this case Mr. Paine was at that time a neighbor who lived down the street, so he thought, and did he talk about this matter with him very much on the night in question, no, not much.

"What efforts did he make to get in touch with Mr. Paine to search for truth, shall we say, after he had an opportunity to do so and after he was arrested in this case, I submit to you not very much; and I leave the judgment on that point up to your common sense."

In the defendant's argument counsel apparently felt obliged to spend a few moments in reply. Then, the State went into even more detail in its closing argument. This brought an immediate motion for mistrial on behalf of the defendant, which motion was overruled.

The critical question becomes whether the trial judge should or should not have granted the instruction requested by the defendant. Paraphrasing slightly the comment for the Court of Judge Prescott in *Hardison v. State,* 226 Md. 53, 60-61, 172 A. 2d 407 (1961), although in the trial of criminal cases in this State under Maryland Constitution Art. XV, § 5 "the Jury shall be the Judges of Law, as well as of fact," it is nevertheless incumbent upon a trial judge in a criminal case upon the request of a defendant to give an advisory instruction on every point of law essential to the defendant's case which is supported by evidence. *See* Maryland Rule 756 b. If one were to assume, as the State seems to believe, that Paine was in the control of Christensen so as to permit an inference that for reasons best known to him Christensen did not call the witness to testify, there is an exception to the "missing witness" rule which makes it inapplicable in this case. That is, as was so cogently pointed out by counsel for Christensen and as it is put in 1 Wharton, *op. cit.* § 148:

"No inference arises if the person not called as a witness by the defendant is a codefendant or an

accomplice not presently on trial, or has already been convicted of the same offense as that for which the defendant is being prosecuted." *Id.* at 251.

To like effect see 29 Am.Jur.2d *Evidence* § 181 at 228 (1967); and *Brock v. State*, 123 Ala. 24, 27, 26 So. 329 (1899); *State v. Cavness*, 46 Hawaii 470, 381 P. 2d 685, 686 (1963); *People v. Munday*, 280 Ill. 32, 117 N. E. 286 (1917); *State v. Cousins*, 58 Iowa 250, 251, 12 N. W. 281 (1882); *State v. Weaver*, 165 Mo. 1, 13, 14, 65 S. W. 308 (1901); and *Dunkin v. State*, 51 Okla. Crim. 457, 459, 2 P. 2d 285 (1931). An annotation on the subject is contained in 5 A.L.R.2d 893, 942 (1949). Although the courts are not in complete agreement, we believe these cases represent the better and the majority rule. The reason behind the rule is not difficult to divine. Defense counsel have been known to believe that the military's advice to its personnel that in the event of capture one should disclose only name, rank, and serial number has its merits in criminal cases in that what one does not say cannot be used against him. Accordingly, counsel for Christensen probably was correct in believing that, if Paine were summoned to the witness stand by Christensen, Paine's counsel might well advise him to invoke his constitutional right against self-incrimination, notwithstanding the fact that his testimony might serve to corroborate that of Christensen and that if he testified Paine might claim that the incriminating testimony of the prosecutrix was untrue. Under the facts of this case, a defendant might well be damaged if an accomplice or codefendant were called to the stand and then did not testify, claiming his privilege against self-incrimination. In short, if the exception to the rule for a codefendant or an accomplice did not exist, the defendant would be faced with a Hobson's choice incompatible with our concept that a defendant is innocent until proven guilty beyond all reasonable doubt and that the burden of proof never shifts from the State.

Since the State's version of this affair as presented through the lips of the prosecutrix is that Paine forced her

into the car and that Paine was to be permitted to follow Christensen in his rape of her, it follows that no inference should be drawn by the failure of Christensen to call as a witness on his behalf his alleged accomplice, Paine, if he in fact knew where he was. The failure of the trial judge to grant the requested instruction was prejudicial error. Therefore, a new trial must be awarded.

> *Judgment of the Court of Special Appeals reversed and case remanded for passage of an order reversing the conviction in the Circuit Court for Montgomery County and remanding the case for a new trial; Montgomery County to pay the costs.*