## WILLIAM DEAN CHRISTENSEN *v.*
## STATE OF MARYLAND

[No. 175, September Term, 1976.]

*Decided November 9, 1976.*

The cause was argued before GILBERT, C. J., and MOYLAN and LOWE, JJ.

*Beverly S. Pearson, Assigned Public Defender*, for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Steven Shaw, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

GILBERT, C. J., delivered the opinion of the Court.

This appeal might well be styled, "Chapter V, in the continuing saga of William Dean Christensen." [1] We are now asked by Christensen to declare that his plea of double jeopardy should have been upheld and the indictment dismissed, thus penning finis to the saga.

The matter reaches us this time by way of a circuitous route which we now recount. Christensen was indicted by the Grand Jury for Montgomery County on charges of kidnapping, assault with intent to rape, attempted rape, assault and battery, and assault. At his trial before a jury in the Circuit Court, Christensen was found guilty of attempted rape only. An appeal to this Court by Christensen, asserting the misuse at trial of the "missing witness rule," was unsuccessful. *Christensen v. State,* 21 Md. App. 428, 320 A. 2d 276 (1974). The Court of Appeals, however, granted *certiorari,* and subsequently, in *Christensen v. State,* 274 Md. 133, 333 A. 2d 45 (1975), agreed with Christensen in the "missing witness rule," reversed our judgment, remanding the matter to us with instruction that we, in turn, reverse the trial court and remand for a new trial. After our compliance with the mandate of the Court of Appeals, Christensen moved to dismiss the indictment. The basis of Christensen's motion was that attempted rape involves force and that assault with intent to rape is an attempted rape. Christensen reasoned that having been acquitted of assault with intent to rape he could not be again tried for attempted rape arising from the same incident.

---

1. The first four chapters are: I, the trial of Christensen in the Circuit Court for Montgomery County; II, Christensen's first appeal to this Court. *See* Christensen v. State, 21 Md. App. 428, 320 A. 2d 276 (1974); III, Certiorari, and reversal of the Court of Special Appeals, 274 Md. 133, 333 A. 2d 45 (1975); IV, Plea of Double Jeopardy.

The second count of the indictment averred that Christensen:

> ". . . unlawfully did make an assault . . . upon . . . [the prosecutrix] with intent then and there unlawfully to ravish and carnally know her, forcibly and against her will. . . ."

The third count alleged that the accused:

> ". . . unlawfully did attempt to unlawfully and violently make an assault . . . upon . . . [the prosecutrix], and, forcibly and against her will, unlawfully did attempt to ravish and carnally know her. . . ."

The trial judge refused to dismiss the indictment, and as he is permitted to do under *Neal v. State,* 272 Md. 323, 322 A. 2d 887, *rev'g* 20 Md. App. 20, 314 A. 2d 710 (1974), Christensen immediately appealed to this Court. Here, Christensen starts with the premise that:

> "The Maryland Court of Appeals has on several occasions declared that assault with intent to rape is the same as attempt to rape. *Waters v. State,* 2 Md. App. 216, 226, 234 A. 2d 147, 153 (1967): "Aggravated assaults are nothing more then [sic] attempts to commit murder, rape, or robbery, a view apparently followed in this State." *Hazel v. State,* 221 Md. 464, 469, 157 A. 2d 952 [2] (1960): "Rape and *attempted rape involve an act of* force without consent and against the will of the victim." (Emphasis supplied.)

Our perusal of *Waters* and *Hazel* does not lead us to conclude, as does appellant, that assault with intent to rape and attempted rape are one and the same. In *Waters,* we did not flatly state, as the appellant's quotation from that case would lead one to believe, that "aggravated assaults are nothing more then [sic] attempts to commit murder, rape, or

---

2. The correct Atlantic Second citation is 157 A. 2d *922.*

robbery, a view apparently followed in this State." What we actually said in dictum was, "[i]t has been said that aggravated assaults are nothing more than attempts to commit murder, rape, or robbery *(Clark and Marshall, Crimes,* Sixth Ed. § 4.07, p. 218), a view apparently followed in this State. See *Farrow v. State,* 233 Md. 526, 533 [197 A. 2d 434, 438 (1964)]." 2 Md. App. at 226, 234 A. 2d at 153. *Farrow* does not appear to underpin *Waters.* All that the Court said in *Farrow* with respect to Farrow's challenge of his conviction of assault with intent to commit rape and buggery was:

> "This contention is based upon the direct testimony by the prosecuting witness that these substantive crimes were, in fact, committed by the defendant. However, this contention completely ignores the fact that there was substantial testimony offered by the doctor to the effect that there was no emission and perhaps no penetration. The jury might well have concluded that the state had not met the burden of proof required to establish the substantive crimes charged. There was evidence to establish the attempts." 233 Md. at 533, 197 A. 2d at 438.

Christensen's quotation from *Hazel, supra,* is more fiction than fact. The italicized portion of appellant's *Hazel* quote simply is not in the text of that case, although the unitalicized part does appear at 221 Md. 469, 157 A. 2d 924.

Contrary to the appellant's point of view, the Maryland law is clear that, "[t]here is a difference in the essential elements of the two crimes [assault with intent to rape and attempted rape]. . . ." *Avery v. State,* 15 Md. App. 520, 547, 292 A. 2d 728, 746 (1972).

In *Middleton v. State,* 6 Md. App. 380, 385-86, 251 A. 2d 224, 227 (1969), Chief Judge Murphy, for this Court, wrote:

> "The essential ingredients of the crime of assault with intent to rape are (a) an assault, (b) an intention to have carnal knowledge of a female, and

(c) a purpose to carry into effect this intention with force and against the consent of the female."

Earlier, the Court of Appeals, in *Wiley v. State*, 237 Md. 560, 563-64, 207 A. 2d 478, 480 (1965), speaking through Judge Hammond (later Chief Judge) said:

"An attempt to commit a crime consists of an intent to commit it, the performance of some act towards its commission, and failure to consummate its commission." [3]

1 *Wharton's Criminal Law and Procedure* (R.A. Anderson ed. 1957), provides:

§ 322. Attempt to rape.

"An attempt to rape is an offense distinct from rape or an assault with intent to rape. The intent to rape must exist at the time that the defendant commits the overt act. To establish an attempt to commit rape, there must be an overt act.

As in the case of all attempts, the defendant must fail to perform the criminal act intended. [4]

. . . .

§ 323. Assault with intent to rape.

To constitute the offense of assault with intent to rape the defendant must be guilty of (1) assault, (2) an intent to have carnal knowledge of the female, and (3) a purpose to carry this intent into effect by means of force and against the will of the female.

---

**3.** Judge Moore, for this Court in Lightfoot v. State, 25 Md. App. 148, 161, 334 A. 2d 152, 160 (1975) stated that ". . . the element of failure remains an essential part of criminal attempt; but it is not an essential element of attempt for *all* purposes." On certiorari, the Court of Appeals in affirming said, "The better view, we believe, is the one adopted by the Court of Special Appeals in the instant case, by the majority of other jurisdictions, and by Professor Perkins, that failure to consummate the crime is not an indispensable element of criminal attempt." 278 Md. 231, 237-38, 360 A. 2d 426, 430 (1976). The Court expressly disapproved of the language in Franczkowski v. State, 239 Md. 126, 210 A. 2d 504 (1965) and Wiley v. State, *supra*, that held to the contrary.

**4.** *But see* n. 3 *supra* wherein it is said that the failure to perform the criminal act is not an essential element of criminal attempt.

An assault with intent to rape must be distinguished from an attempt to rape. The latter is a common-law offense while the former is a statutory offense." (Footnotes omitted.)

We think it clear from an examination of the elements of assault with intent to rape and attempted rape that, while the purpose to engage in illicit coitus is attendant in each offense, the crimes are different. If an attempt to commit a rape proceeds to a degree whereby it is tantamount to an assault upon the victim, the offense becomes the felony of assault with intent to rape, but if the attempt to rape falls short of an assault, the offense remains a common law misdemeanor. *Burton v. State*, 8 Ala. App. 295, 62 So. 394 (1913). *See also Taff v. State*, 69 Tex. Crim. 528, 155 S. W. 214 (1913).

In Maryland, assault with intent to rape and attempted rape are retained as separate and distinct crimes. The authorities, generally, are in accord with our view.[5] 22 R.C.L. 1235 states:

"An attempt to rape is an offense distinct from rape or an assault with intent to rape, and comprehends elements different from those which combine to constitute either of those offenses; an attempt to commit rape may be established by proof of threats, but an assault with intent to commit rape cannot."

We believe that the General Assembly originally enacted and has kept viable Md. Ann. Code art. 27, § 12 insofar as assault with intent to ravish is concerned, in order to punish more severely than mere assault, attacks upon victims where an intent to rape is manifest and where the offense does not fall within the ambit of the common law misdemeanor of attempted rape. Inasmuch as the crimes of assault with intent to rape and attempted rape are separate

5. *See e.g.*, State v. Gager, 45 Haw. 478, 370 P. 2d 739 (1962); State v. Jenkins, 411 S.W.2d 441 (Mo. 1967); State v. Hetzel, 159 Ohio St. 350, 112 N.E.2d 369 (1953); State v. Smith, 90 Utah 482, 62 P. 2d 1110 (1936); State v. Hyams, 64 Utah 285, 230 P. 349 (1924).

and distinct offenses, an acquittal of one does not ordinarily give rise to a successful plea of double jeopardy to the other. *Cousins v. State,* 277 Md. 383, 354 A. 2d 825 (1976); *Thomas v. State,* 277 Md. 257, 353 A. 2d 240 (1976).

Having pointed up the distinction between assault with intent to rape and attempted rape, we turn our attention to the overriding issue now before us.

The indictment handed up by the Grand Jury for Montgomery County read in pertinent part:

> "SECOND COUNT: *Assault with Intent to Rape*
>
> The Grand Jurors of the State of Maryland, for the body of Montgomery County, upon their oaths and affirmations, present that William Dean Christensen, late of said County, on the fifth day of July, in the year of our Lord nineteen hundred seventy-two, at the County aforesaid, unlawfully did make an assault in and upon one Mary K. Kramer, with intent then and there unlawfully to ravish and carnally know her, forcibly and against her will, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.
>
> THIRD COUNT: *Attempted Rape*
>
> The Grand Jurors of the State of Maryland, for the body of Montgomery County, upon their oaths and affirmations, present that William Dean Christensen, late of said County, on the fifth day of July, in the year of our Lord nineteen hundred seventy-two, at the County aforesaid, unlawfully did attempt to unlawfully and violently make an assault in and upon one Mary K. Kramer, and, forcibly and against her will, unlawfully did attempt to ravish and carnally know her, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

At the trial on the merits, the jury was instructed as follows:

"... Mr. Foreman, you first consider the first Count and either find this man guilty or not guilty of the first Count, which is kidnapping. Then you go to the second Count, which is assault with intent to rape, and find him guilty or not guilty on that Count.

If you find him guilty on that Count, then your deliberations are at an end.You need not consider the other three Counts.

If you find him not guilty on the second Count, you go to the third Count and find him either guilty or not guilty.

If you find him not guilty on the third Count, then you go to the fourth and fifth Counts, and either find him guilty or not guilty."

Upon the jury's return to the courtroom, they were asked by the clerk if they had reached a verdict, and they responded affirmatively. The record then discloses:

"Ladies and gentlemen of the jury: Look upon the prisoner at the bar. What say you, is he guilty of the matters whereof he stands indicted or not guilty? First count?

THE FOREMAN: First charge, kidnapping, not guilty.

THE CLERK: Second count?

THE FOREMAN: Assault with intent to rape, not guilty.

THE CLERK: Third count?

THE FOREMAN: Third count, attempted rape, guilty, mercy recommended."

Inasmuch as it was only the third count upon which Christensen was found guilty in the case *sub judice* [6] we

6. Christensen pled guilty in another case to rape and perverted practice. He was sentenced to sixteen years in that case. The sentence was made to run concurrently to the sentence imposed in the instant case. No appeal was

focus our attention upon that particular charge. It avers that the appellant "did attempt to unlawfully and violently make an assault in and upon . . . [the prosecutrix], and, forcibly and against her will, unlawfully did attempt to ravish and carnally know her. . . ." There is no such crime as an attempt to commit an assault. 1 *Wharton's Criminal Law & Procedure* § 72 (R. A. Anderson Ed. 1957).[7] Indeed, assault is an attempt, *Ott v. State*, 11 Md. App. 259, 265, 273 A. 2d 630, 633 (1971), and a battery, the execution of the assault. Judge Powers, writing for this Court in *Woods v. State*, 14 Md. App. 627, 288 A. 2d 215 (1972), *cert. denied*, 266 Md. 745 (1972), carefully spelled out the difference between assault and assault and battery. "The common law crime of assault was described by Blackstone as 'an attempt or offer to beat another, without touching him. . . .' The same author wrote that the crime of battery '. . . is the unlawful beating of another.'" 14 Md. App. at 629, 288 A. 2d at 216. Patently, then, the third count in part asseverated a non-existing crime, *i.e.*, an attempt to commit an assault or, reduced to its actual meaning, an attempt to attempt. While it may be argued that we could strike from the indictment the "unlawfully did attempt to unlawfully and violently make an assault" language as mere verbiage, we do not see it that way. In our view, the jury may well have relied upon the "attempted assault" portion of the count to bottom their verdict; and because we are unable to say that they did not do so, we are unable to conclude that the questionable language is surplusage.

We think the appellant's motion to dismiss the indictment should have been granted.

> *Order denying motion to dismiss reversed.*
> *Costs to be paid by Montgomery County.*

---

noted. Subsequently, the sentence was reduced to twelve years. *See* Criminal No. 13017 Circuit Court for Montgomery County.

7. *See also* Wilson v. State, 53 Ga. 205 (1874); Brown v. State, 7 Tex. App. 569 (1880).