# LORENZO SIMPSON v. STATE OF MARYLAND

[No. 493, September Term, 1976.]

*Decided January 3, 1977.*

The cause was argued before THOMPSON, MOYLAN and LISS, JJ.

*Alan J. Bloom, Assigned Public Defender*, for appellant.

*Stephen B. Caplis, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Bernard A. Raum, Assistant Attorney General, William A. Swisher, State's Attorney for Baltimore City*, and *Robert Scherr, Assistant State's Attorney for Baltimore City*, on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

The appellant, Lorenzo Simpson, was convicted by a Baltimore City jury, presided over by Judge Sol J. Friedman, of armed robbery. The single contention he raises upon this appeal is that the trial court erred in giving an instruction on the missing witness rule.

The facts were such that, barring an appropriate explanation as to why a witness was not called, the missing

witness instruction would have been appropriate. The robbery victim, Joseph Frazier, Jr., testified that he, a prospective purchaser of marihuana, met the appellant immediately outside the home of a prospective seller of marihuana. Conversations ensued between Mr. Frazier and the appellant about the possibility of Mr. Frazier's purchasing some cocaine. According to Mr. Frazier, the two made a trip to Mr. Frazier's home where Mr. Frazier picked up $300. The appellant ultimately took the $300 from Mr. Frazier at knifepoint. Frazier immediately made a complaint to the police describing the appellant, the weapon, the robbery and the automobile. Within a relatively few minutes, the police spotted the automobile and stopped it. The appellant and two other persons were in the automobile. The appellant was arrested. The knife was recovered from the front seat of the automobile. Three hundred dollars was recovered from the person of the appellant.

The appellant took the stand and gave an entirely different explanation for the loss of money by Mr. Frazier. According to the appellant, Frazier was interested in purchasing heroin and sought information from the appellant to effectuate that purchase. The appellant introduced Frazier to a man by the name of George. According to the appellant, Mr. Frazier did give the appellant a $100 bill in order to purchase some liquor from a liquor store. The seller "George" then approached the car wherein the appellant and Mr. Frazier were sitting. "George" was in the company of another individual named Ricky Deese. Mr. Frazier received the ostensible narcotics from and delivered the money to this Ricky Deese. Frazier and the appellant drove off. Frazier tested the narcotics, realized that he had been tricked by being delivered a white powder which did not contain any narcotics and became very angry. An argument ensued between the appellant and Mr. Frazier and Mr. Frazier left the automobile.

The so-called "missing witness" had to be either "George" or Ricky Deese. The question of who was being referred to as a "missing witness" was made very clear in the closing argument of the prosecutor:

"Now, the Judge is going to instruct you as to a law called the missing witness rule. Now, the missing witness rule says that the failure to call ... Now, the Judge will instruct you and this is my argument as to what this rule is. The failure to call a material witness raises a presumption that the testimony of this person would be unfavorable. All right. Why do I mention this now? Because I have heard two names mentioned by the Defendant, this Ricky Deese and George. I asked him, 'Who is Ricky Deese?' He says, 'Ricky Deese lives in my neighborhood,' when I asked him where he lives. This is supposedly the man that was, Ricky Deese and a George were supposedly the two men that were involved in the Defendant's part of the story by giving Mr. Frazier heroin and so forth. Where is Ricky Deese today? Where is this George? If this is exactly what happened, why didn't the Defendant bring him in to testify that this is what happened? Why? The missing witness rule. The missing witness rule says, as I stated, failure to call a material witness. I think he is material. I think both are material. There is question that the Defendant could have found them. He says, 'He lives in my neighborhood, Ricky Deese,' and he knows where George lives. That's no reason. Why isn't he here to so testify and help this man if that is what happened? Failure to call a material witness raises a presumption that their testimony would be unfavorable. The Judge will instruct you as to this."

The appellant made known his objection to this discussion of the law even from the mouth of the assistant prosecutor. The court overruled him. The court in its own instructions said the following:

"Evidence has been presented in this trial which indicates that an available witness who had knowledge of the facts in issue in this case was not

called to testify. You are instructed that if either the State or the Defendant failed to call such a witness a presumption arises that his testimony would have been unfavorable to the party who did not call him. It is up to you to decide which party should have naturally called the witness. This rule does not apply when the testimony of the uncalled witness is purely cumulative and the witness is not in a better position to know the facts than those witnesses who were called nor does the rule apply when the reasons for not calling the witness are reasonable and proper."

At the close of the court's advisory instructions, a bench conference was held. Appellant's counsel made known his objection to the "missing witness" instruction.[1] The court gave the following supplementary instruction:

"You will recall, Ladies and Gentlemen of the Jury, that I advised you as to the missing witness rule and I read to you the law as to a missing witness and I instructed you that when a witness is not called, a presumption arises that the testimony of that missing witness would be unfavorable to the party who did not call him. I want to make it perfectly clear to the Ladies and Gentlemen of the Jury that you have to decide whether or not the persons who were not called, if in fact there were persons who were not called, if their testimony would have been cumulative, just would have added to more which was told to you from the witness stand or if you would believe that that would have been material as far as that person who did not call the particular witness. And you would then have to apply the law based upon your good judgment of whether or not the fact that the witness was not called was reasonable and proper."

---

1. Notwithstanding the supplementary instruction and lack of explicit additional objection thereto, we deem the point preserved for appellate review because it is clear that the appellant was objecting to the very giving of the "missing witness" instruction and not to the substance of that instruction.

Although the present case is factually distinguishable from *Christensen v. State*, 274 Md. 133, we believe that the broader principle undergirding the *Christensen* decision would govern this set of facts as well as that set of facts. In setting forth the exceptional situations, whereunder the "missing witness" rule would have no applicability, *Christensen*, at 139-140, quoted with approval from 1 Wharton, *Criminal Evidence* (13th ed. C. Torcia 1972), § 148, p. 251:

> "No inference arises if the person not called as a witness by the defendant is a codefendant or an accomplice not presently on trial, or has already been convicted of the same offense as that for which the defendant is being prosecuted."

In *Christensen*, the "missing witness" was an apparent accomplice of the defendant there. In this case, neither "George" nor Ricky Deese were codefendants or accomplices in the armed robbery for which the appellant was standing trial. The defense version of the case, however, implicated them most definitely in the equally serious felony of selling heroin. Under the circumstances, the philosophy which permeated and undergirded the court's decision in *Christensen* would govern here as well. The court there reasoned, at 140:

> "The reason behind the rule is not difficult to divine. Defense counsel have been known to believe that the military's advice to its personnel that in the event of capture one should disclose only name, rank, and serial number has its merits in criminal cases in that what one does not say cannot be used against him. Accordingly, counsel for Christensen probably was correct in believing that, if Paine were summoned to the witness stand by Christensen, Paine's counsel might well advise him to invoke his constitutional right against self-incrimination, notwithstanding the fact that his testimony might serve to corroborate that of Christen-

sen and that if he testified Paine might claim that the incriminating testimony of the prosecutrix was untrue. Under the facts of this case, a defendant might well be damaged if an accomplice or codefendant were called to the stand and then did not testify, claiming his privilege against self-incrimination. In short, if the exception to the rule for a codefendant or an accomplice did not exist, the defendant would be faced with a Hobson's choice incompatible with our concept that a defendant is innocent until proven guilty beyond all reasonable doubt and that the burden of proof never shifts from the State."

Under the reasoning of *Christensen,* we hold that the "missing witness" instruction should not have been given in this case and that the instruction, in these circumstances, was reversible error.

*Judgment reversed; case remanded for a new trial; costs to be paid by Mayor and City Council of Baltimore.*