STATE OF MARYLAND *v.* LAWRENCE HARDY

[No. 388, September Term, 1982.]

*Decided December 8, 1982.*

The cause was argued before MOYLAN and MASON, JJ., and BASIL A. THOMAS, Associate Judge of the Eighth Judicial Circuit, specially assigned.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Andrew L. Sonner, State's Attorney for Montgomery County,* and *Roger*

*W. Galvin, Assistant State's Attorney for Montgomery County,* on the brief, for appellant.

*Joel D. Worshtil,* with whom were *Koester & Worshtil* on the brief, for appellee.

MOYLAN, J., delivered the opinion of the Court.

A Montgomery County grand jury returned two indictments against the appellee, Lawrence Hardy, charging him with attempted first degree murder and related offenses. The appellee was fifteen years of age at the time of the allegedly criminal conduct. In the Circuit Court of Montgomery County, he moved to dismiss the indictments because of lack of jurisdiction in the criminal court. His motion was granted. The State has noted this appeal from that action.

Md. Cts. & Jud. Proc. Code Ann., § 3-804 (1980 Repl. Vol.), spells out the respective jurisdictions of the juvenile court and the criminal court. We are concerned in this appeal not with any question of waiver from the juvenile court upward to the criminal court or of reverse waiver from the criminal court down to the juvenile court, but only with the question of which court has jurisdiction when no waiver is involved. Section 3-804 (d) (1) provides that the criminal court and not the juvenile court has jurisdiction in the following circumstance:

> "A child 14 years old or older alleged to have done an act which, if committed by an adult, would be a crime punishable by death or life imprisonment, as well as all other charges against the child arising out of the same incident, unless an order removing the proceeding to the court has been filed pursuant to § 594A of Article 27."

The single issue before us is whether the crime of attempted murder is "a crime punishable by . . . life imprisonment" within the contemplation of § 3-804. We hold that it is.

The common law misdemeanor of attempt carries with it the common law penalty, which is anything in the discretion

of the sentencing judge, provided only that it not be cruel and unusual. Because the constitutionality (the proportionality) of a sentence in terms of its length can never be judged in the abstract but must be determined on an *ad hoc,* case-by-case basis, the argument might be made that any crime punishable by common law sentencing carries the at-least theoretical possibility of life imprisonment, until the facts are fully developed. We do not believe, however, that the Legislature intended such a remote and theoretical possibility to vest initial jurisdiction in the criminal court for every crime with open-ended common law sentencing provisions. The crime now under review, however, does not need to rely upon such remote and theoretical possibilities so to qualify. Md. Code Ann. Art. 27, § 644A (1982 Repl. Vol.), provides:

> "The sentence of a person who is convicted of an attempt to commit a crime may not exceed the maximum sentence for the crime attempted."

With respect to the predicate crime of murder, § 412 (b) provides, in pertinent part:

> "A person found guilty of murder in the first degree shall be sentenced either to death or to imprisonment for life."

We read into that explicit legislative prohibition against exceeding certain limits, an implicit legislative recognition of and approval of going up to those limits. Walker v. State, 53 Md. App. 171, 452 A.2d 1234 (1982).

It is thus clear to us that § 3-804 (d) (1), vesting initial jurisdiction in the criminal court, embraces the crime of (1) first-degree murder; (2) first-degree rape; (3) a first-degree sexual offense; (4), (5), and (6) an attempt to commit any of those three crimes in the first degree; and (7), (8), and (9) a conspiracy to commit any of those three crimes in the first degree.[1]

_____

1. Art. 27, § 38 does for conspiracy what Art. 27, § 644A does for attempt. It provides:

In an effort to forestall this conclusion, the appellee makes two subarguments. The first is that the statutory enactment of the crime of assault with intent to murder [2] has preempted the field and totally absorbed that variety of common law attempt known as attempted murder. We see no merit in that argument.

In dealing with an analogous problem of the relationship of attempted rape to assault with intent to rape, Chief Judge Gilbert made it very clear for this Court in *Christensen v. State,* 33 Md.App. 635, 640, 365 A.2d 562 (1976), that "In Maryland, assault with intent to rape and attempted rape are retained as separate and distinct crimes." In looking more generally to the overall relationship between the common law misdemeanor of attempt and the entire list of aggravated, felonious assaults spelled out in Art. 27, § 12 and § 386, we observed in *Gray v. State,* 43 Md. App. 238, 241, 403 A.2d 853 (1979):

> "For inchoate, not fully-consummated crime, society has long had available in its arsenal both the statutory offense of 'assault with intent to . . .' and the common law offense of criminal attempt. Although these two offenses have a significant overlap, they are nonetheless distinct and each addresses certain pockets of inchoate criminal activity not covered by the other."

It is clear that the common law misdemeanor of attempt (in its subvariety of attempted murder) has not been displaced by the statutory creation of the crime of assault with intent to murder.

The other subargument is that the maximum penalty for assault with intent to murder (thirty years) places an upper limit upon the sentence that may be imposed for attempted murder. We reject this argument as well. Attempt is a

---

"The punishment of every person convicted of the crime of conspiracy shall not exceed the maximum punishment provided for the offense he or she conspired to commit."

2. Md. Ann. Code Art. 27, § 12 (1982 Repl. Vol.).

common law crime carrying with it the open-ended common law penalty, wherein "the length of the sentence is left to the discretion of the trial court, except that it may not be cruel and unusual." *Jones v. State,* 8 Md.App. 370, 376, 259 A.2d 807 (1969); *Miller v. State,* 1 Md.App. 653, 232 A.2d 548 (1967). In arguing that the penalty for the statutory assault with intent to murder limits, by implication, the penalty for attempt, the appellee ignores that fundamental precept of Maryland law that we do not favor repeal of the common law by implication. *Lutz v. State,* 167 Md. 12, 15, 172 A. 354 (1934), stated this transcendent principle forcefully:

> "In 25 R.C.L. 1054, it is said that: 'It has been said that statutes are not presumed to make any alterations in the common law further than is expressly declared, and that a statute, made in the affirmative without any negative expressed or implied, does not take away the common law. The rules of the common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language. In order to hold that a statute has abrogated common law rights existing at the date of its enactment, it must clearly appear that they are repugnant to the act, or the part thereof invoked, that their survival would in effect deprive it of its efficacy and render its provisions nugatory.' "

*See also Hooper v. Baltimore,* 12 Md. 464, 475 (1859).

A similar argument has been made with respect to the penalty for common law assault's being limited by the legislatively imposed maximum penalties for statutory, felonious assaults. The argument is more compelling with respect to common law assault than it is with respect to attempt. Even there, however, the Court of Appeals has not hesitated to strike the argument down as unsound. *Gleaton v. State,* 235 Md. 271, 277, 201 A.2d 353 (1964); *Roberts v. Warden,* 242 Md. 459, 460-461, 219 A.2d 254 (1966); *Simms v. State,* 288 Md. 712, 725-726, 421 A.2d 957 (1980).

We hold that jurisdiction to try this case of attempted murder "as well as all other charges against the child arising out of the same incident" was properly in the criminal court. It was error, therefore, to dismiss the indictment against the appellee.

> *Judgment reversed; indictment reinstated and remanded for trial; costs to be paid by appellee.*