**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John SIRCOVICH and Ken Van Deveer,
Defendants-Appellants.**

**No. 76–3304.**

United States Court of Appeals,
Fifth Circuit.

July 18, 1977.

Peter F. K. Baraban, Miami, Fla., for Sircovich.

James J. Hogan, Joseph Mincberg, Miami, Fla., for Van Deveer.

## 1302

Robert W. Rust, U. S. Atty., C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

■■■■■

Before COLEMAN, Circuit Judge, KUNZIG,* Associate Judge, and GEE, Circuit Judge.

PER CURIAM:

Appellants John Sircovich, Ken Van Deveer, along with nineteen other individuals, were charged with a scheme to smuggle marijuana into the United States. The plan involved the rendezvous of two smaller vessels with a ship carrying marijuana in the Atlantic Ocean. During the appointed rendezvous the marijuana was transferred to the smaller boats and thereafter brought into the United States.

Significantly, United States Customs agents operating in an undercover capacity played a role in bringing the scheme to fruition. As a result, the various defendants at trial asserted the defense of entrapment.

Sircovich and Van Deveer were convicted of one count each of conspiracy, importation, and possession with intent to distribute marijuana in violation of 21 U.S.C., §§ 963, 952, 960, 841. Both were sentenced to concurrent terms of four years confinement as to each count and two years special parole term as to each count concurrently. We affirm.

Appellants complain that they could not call their co-defendants as witnesses. These potential witnesses, they say, had invoked the Fifth Amendment privilege against self-incrimination, which denied them the benefit of significant corroborative testimony in support of their entrapment defense. Consequently, the appellants requested the following "neutralizing" instruction:

> "Unavailability of Co-defendants as Witnesses

> "The Co-defendants in this case are unavailable as witnesses to testify for the defendant Ken Van Deveer. You are instructed that no inference may be drawn against the Defendant Ken Van Deveer for failure to call the co-defendants as witnesses."

The failure to give this instruction is the sole assignment of error.

■ Of course, a jury is not allowed to draw any inferences, for or against either the prosecution or the defense, from the decision of a witness to invoke the Fifth Amendment privilege, *Bowles v. United States*, 1970, 142 U.S.App.D.C. 26, 439 F.2d 536, *cert. denied*, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533, citing *Billeci v. United States*, 1950, 87 U.S.App.D.C. 274, 184 F.2d 394.

Born of this precept is the equally important rule that no mention of this decision is to be made in the presence of the jury, thereby raising the possibility that an improper inference may be drawn from it, *Bowles v. United States, supra; DeLuna v. United States*, 5 Cir., 1962, 308 F.2d 140; *United States v. Lacouture*, 5 Cir., 1974, 495 F.2d 1237, *cert. denied*, 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648.

Appellants now confront us with the proposition that while it would have been improper for the prosecution or the defense to call attention to the failure of the co-defendants to take the witness stand the trial judge should have done so by giving the requested instruction.

In *Bowles v. United States*, 1970, 142 U.S.App.D.C. 26, 439 F.2d 536, 542, where no such instruction was requested, the Court remarked that if it had been requested the instruction should have been given (dictum).

■ Here, we find it unnecessary to indulge in dictum. There is nothing in this record to show that the co-defendants were subpoenaed as witnesses, thereafter given an opportunity in chambers to claim the privilege, and did, in fact, claim it.

* Associate Judge of the United States Court of Claims, sitting by designation.

That being so, we leave the point for decision at a later day, if it should arise. We merely observe that the Court was under no duty to charge the jury about something which had not happened.

AFFIRMED.