208 N.J. Super. 224 (1986)
505 A.2d 198
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CATHERINE CREWS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1986.
Decided February 19, 1986.
*226 Before Judges FRITZ, GAYNOR and BAIME.
Anne P. McHugh argued the cause for appellant (Pellettieri, Rabstein and Altman, attorneys; Richard M. Altman, of counsel; Anne P. McHugh, on the brief).
Robin Parker, Deputy Attorney General, argued the cause for respondent (Irwin I. Kimmelman, Deputy Attorney General, attorney; Robin Parker, of counsel and on letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
This appeal presents novel questions pertaining to the "absent witness" instruction approved by our Supreme Court in State v. Clawans, 38 N.J. 162 (1962). There the Court held that under certain circumstances the failure of a party to produce a witness whose testimony would serve to elucidate the material facts in issue may support an inference that he fears exposure of such evidence. Id. at 170-171. The Court also determined that where the appropriate conditions are satisfied, the trial judge may in his instructions apprise the jury of the adverse inference which permissibly flows from the party's nonproduction of the witness. Id. at 172. At issue here is whether a defendant in a criminal action is obliged to call a witness to the stand in the presence of the jury for the sole purpose of having him invoke his privilege against self-incrimination in order to avoid the inference which might otherwise flow from his non-production. Citing State v. Jamison, 64 N.J. 363 (1974) and *227 State v. Jennings, 126 N.J. Super. 70 (App.Div. 1972), certif. den. 60 N.J. 512 (1972), the trial judge held that the defense could avoid a Clawans instruction only by presenting the witness and having him assert the privilege in the presence of the jury. We disagree and are constrained to reverse.
We need not recount the facts at length. Defendant, a licensed clinical psychologist, was charged with ten counts of Medicaid fraud in violation of N.J.S.A. 30:4D-17(a) and (b). The gist of the charges was that defendant fraudulently misrepresented the nature and extent of the psychological counseling services she had rendered to five youthful patients in obtaining benefits under the New Jersey Medical Assistance and Health Services Act (N.J.S.A. 30:4D-1 et seq.). Under the applicable Medicaid regulations, the "provider" is required to specify whether the counseling services performed were in conjunction with "individual", "group" or "family" psychotherapy. (Psychologist's Medicaid Manual  Group and Family Psychotherapy Definitions). Apparently, different rates of reimbursement are applicable depending upon the nature of the therapy rendered. In order to qualify as "individual" psychotherapy, the psychologist must have had "personal involvement with [the] patient to the exclusion" of others. Id. It was alleged that defendant submitted claim forms falsely representing that she had performed 160 hours of individual psychotherapy. While the State conceded that the five patients received some therapy, the essential thrust of the charges was that defendant's involvement in such treatment was minimal and that she had little or no personal interaction with the children.
This factual question was hotly contested at trial. The State presented evidence indicating that the five patients, all emotionally disturbed children, received little or no therapy during their sessions at defendant's office. Several of the children testified that they had "conversations" with defendant's husband, Dr. Felix Del Vecchio, who was also a licensed clinical psychologist. One of the witnesses testified that Dr. Del Vecchio administered several psychological tests and that these sessions lasted *228 approximately one-half hour. However, most of the State's evidence disclosed that the children "played pool and other games" and were treated to "ice cream or pizza" while at defendant's office.
Defendant elected to take the stand. She testified that she and her husband formed a professional association, the Leander Psychological Institute, and generally worked as a team. According to her testimony, one of the "treatment modalities" commonly used in counseling children is "play therapy." This method is often employed in treating young or seriously disturbed children who have problems with verbal communications. Defendant testified that she employed the play therapy modality in counseling the five patients because of their tender ages and their resistance to other types of treatment. She further stated that two of the patients needed "a stable male figure" to assist them in confronting their problems. Defendant's husband, thus, took a more active role in providing therapy in those cases.
After the defense rested, the prosecutor requested that the judge include a reference to defendant's failure to produce Dr. Del Vecchio in his instructions at the conclusion of the case. Specifically, the State argued that defendant's failure to present her husband as a witness supported the "natural inference" that his testimony would be unfavorable to her. In response, defense counsel contended that Dr. Del Vecchio was unavailable as a witness because he was charged in a separate indictment with 112 counts of Medicaid fraud and would likely invoke his Fifth Amendment privilege.[1] Although Dr. Del Vecchio was present in court, no attempt was made to determine whether he would assert his privilege. Relying upon State v. Jamison, supra, 64 N.J. at 373-374, n. 1 and State v. Jennings, supra, 126 N.J. Super. at 75-77, the trial judge *229 refused to accept defense counsel's representation regarding Dr. Del Vecchio's intention not to testify. Noting that the privilege was personal to the witness, the judge determined that it could be invoked only in the presence of the jury. While acknowledging that the witness' invocation of the privilege in the presence of the jury might well have a deleterious effect upon defendant's case, the judge nevertheless concluded that this course was mandated by State v. Jamison and State v. Jennings.
Based upon this ruling, defense counsel decided not to call Dr. Del Vecchio as a witness. The State thereafter, in rebuttal, introduced into evidence Dr. Del Vecchio's appointment book and presented testimony indicating that it would have been impossible for him to have rendered individualized therapy to defendant's patients because he was treating others at the time.
During his summation, the prosecutor repeatedly alluded to defendant's failure to produce Dr. Del Vecchio. In addition, the trial judge emphasized the point in his instructions and advised the jury that they could derive an "adverse inference" by virtue of defendant's failure to present her husband as a witness. In its verdict, the jury found defendant guilty of eight of the ten counts charged. This appeal followed.

I
We are firmly convinced that the trial judge erred when he held that defendant could avoid the absent witness charge only by presenting Dr. Del Vecchio and having him invoke his Fifth Amendment privilege in the presence of the jury. In State v. Clawans, supra, 38 N.J. at 171-172, our Supreme Court enunciated certain guidelines concerning inferences that may be drawn from the failure to produce a witness. One of the conditions precedent to such a charge is that it must appear that it was within the power of the party to produce the witness. Id. at 171. See State v. Carter, 91 N.J. 86, 127 (1982); Wild v. Roman, 91 N.J. Super. 410, 414 (App.Div. 1966); Meistrich *230 v. Casino Arena Attractions, Inc., 54 N.J. Super. 25, 31 (App.Div. 1959), mod. 31 N.J. 44 (1959); O'Neil v. Bilotta, 18 N.J. Super. 82, 86 (App.Div. 1952). Obviously, the "inference is not proper if the witness is for some reason unavailable...." State v. Clawans, supra, 38 N.J. at 171. See also 2 Wigmore, Evidence, (3 ed. 1940), § 286 at 166-168.
While the question is one of first impression in New Jersey, we have no difficulty in holding that where a witness invokes his Fifth Amendment privilege and refuses to testify, he is unavailable to both parties and no adverse inference can fairly be drawn by virtue of his nonproduction. This principle is implicit in Evid.R. 39 which prohibits the judge and counsel from commenting on the exercise of a privilege and precludes the trier of fact from drawing an adverse inference. Numerous decisions of other jurisdictions also lend support to this rule. See United States v. Brutzman, 731 F.2d 1449, 1453-1454 (9 Cir.1984); United States v. Simmons, 663 F.2d 107, 108 (D.C. Cir.1979); United States v. Sircovich, 555 F.2d 1301, 1302 (5 Cir.1977); United States v. Young, 463 F.2d 934, 942 (D.C. Cir.1972); Bowles v. United States, 439 F.2d 536, 541-542 (D.C. Cir.1970), cert. den. 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971); United States v. Chapman, 435 F.2d 1245, 1247 (5 Cir.1970), cert. den. 402 U.S. 912, 91 S.Ct. 1392, 28 L.Ed.2d 654 (1971); Bradley v. United States, 420 F.2d 181, 186 (D.C. Cir.1969); People v. Banks, 98 Ill. App.3d 556, 562, 54 Ill.Dec. 148, 152, 424 N.E.2d 898, 902 (App.Ct. 1981); Christensen v. State, 274 Md. 133, 140-141, 333 A.2d 45, 49 (Ct. of App. 1975), rev'd on other grounds 33 Md. App. 635, 365 A.2d 562 (Ct.Spec.App. 1976); Commonwealth v. Ries, 337 Mass. 565, 585-586, 150 N.E.2d 527, 541-542 (Sup.Jud.Ct. 1958); State v. Dachtler, 318 N.W.2d 769, 774 (N.D.Sup.Ct. 1982); State v. Johnson, 243 Or. 532, 537-538, 413 P.2d 383, 385-386 (Sup.Ct. 1966).
A more difficult question is whether a party must call the witness to the stand and have him invoke his privilege against self-incrimination in the presence of the jury in order to avoid a *231 Clawans instruction. It is now well settled that when the State wishes to call as a witness an accomplice of the defendant or one known to have had some connection with the crime knowing that the witness is likely to plead his privilege against self-incrimination, "it is ordinarily preferable first to examine [him] on voir dire, as otherwise the circumstances may lead the jury to draw unfavorable inferences" against the accused. State v. Jamison, supra, 64 N.J. at 373-374, n. 1. See also State v. Cullen, 103 N.J. Super. 360, 364 (App.Div. 1968); State v. Fournier, 91 N.J. Super. 477, 480-481 (App.Div. 1966). In the court's discretion, the State may be precluded from calling such a witness before the jury if he declined to testify on voir dire. State v. Jamison, supra, 64 N.J. at 373-374, n. 1. In State v. Jamison our Supreme Court specifically declined to decide whether the same rule should apply where the defense desires to call a witness who is expected to assert the Fifth Amendment privilege noting that "[a] proper ruling in any particular case will generally depend on the precise attendant circumstances." Id. at 374, n. 1.
We hold that under the facts present here the trial judge should have conducted a hearing out of the presence of the jury to determine whether the witness would testify. Specifically, the witness should have been called to the stand to personally claim the privilege (if that was his intention) with respect to specific questions propounded. In the event of a valid assertion of the privilege, the witness should have been considered unavailable to the defense and the prosecutor's request to charge should have been denied.
State v. Jamison and State v. Jennings do not derogate against this procedure. Both cases merely hold that it is error for a judge to sua sponte conduct a voir dire hearing and accept counsel's assertion of his client's privilege against self-incrimination. We recognize that the privilege against self-incrimination is personal to the individual claimant, and the election to invoke it must be exercised by the witness himself *232 on the stand and under oath, after hearing a question or questions addressed to him. State v. Jamison, supra, 64 N.J. at 375 quoting State v. Jennings, supra, 126 N.J. Super. at 75. See also State v. Williams, 59 N.J. 493, 502 (1971); In re Boiardo, 34 N.J. 599, 604 (1961); State v. Fary, 19 N.J. 431, 435 (1955). It is not invocable by an attorney "as his surrogate." State v. Jennings, supra, 126 N.J. Super. at 75.
This much conceded, it is far different to suggest that under all circumstances assertion of the privilege must take place in the presence of the jury. We would be myopic were we to fail to observe that a claim of Fifth Amendment protection is likely to be regarded by the jury as high courtroom drama and a focus of ineradicable interest. It strains credulity to assume that a jury could perform the mental gymnastics required by a cautionary instruction not to derive an adverse inference against the defendant in such circumstances.
We, thus, conclude that the appropriate procedure is for the trial judge to conduct a hearing out of the jury's presence to test whether the witness will invoke his privilege against self-incrimination. If the witness claims the privilege as to essentially all questions, the defense should not be required to call him to the stand in the presence of the jury. In that event, neither side has the right to benefit from an inference that might otherwise flow from his nonproduction, and neither counsel in their summation nor the judge in his instructions should allude to the parties' failure to present him as a witness. While we have been unable to find any New Jersey decision dealing with this precise issue,[2] the courts of other jurisdictions have uniformly adopted the rule announced here. See United States v. Haldeman, 559 F.2d 31, 96 (D.C. Cir.1976), cert. den. 431 U.S. 993, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1977), reh. den. 433 U.S. 916, *233 97 S.Ct. 2992, 53 L.Ed.2d 1103 (1977); United States v. Lacouture, 495 F.2d 1237, 1240 (5 Cir.1974), cert. den. 419 U.S. 1053, 95 S.Ct. 631, 42 L.Ed.2d 648 (1974); United States v. Johnson, 488 F.2d 1206, 1211 (1 Cir.1973); Bowles v. United States, supra, 439 F.2d at 542; People v. Cvetich, 73 Ill. App.3d 580, 584, 29 Ill.Dec. 418, 422, 391 N.E.2d 1101, 1105 (App.Ct. 1979); Aubrey v. State, 261 Ind. 692, 695-696, 310 N.E.2d 556, 559 (Sup.Ct. 1974); People v. Thomas, 51 N.Y.2d 466, 472, 415 N.E.2d 931, 934, 434 N.Y.S.2d 941, 944 (Ct.App. 1980); Commonwealth v. Greene, 445 Pa. 228, 232, 285 A.2d 865, 867 (Sup.Ct. 1971). We are satisfied that this practice best reconciles the competing objectives of insuring a full exposition of the facts and protecting the rights of the accused.

II
We conclude that the trial judge erred in his determination that defendant's failure to produce Dr. Del Vecchio as a witness warranted a Clawans instruction. What gives us pause is the fact that defense counsel did not specifically request a hearing out of the presence of the jury pursuant to Evid.R. 8. Ordinarily, the failure to interpose an appropriate objection on proper grounds or make a timely request would prevent us from vitiating an otherwise valid conviction. State v. Macon, 57 N.J. 325, 329 (1971).
Our thorough review of the record here, however, convinces us that defense counsel justifiably relied upon the judge's repeated admonition that the witness must assert the Fifth Amendment privilege in the presence of the jury to avoid the Clawans charge. Moreover, counsel's vigorous objection was sufficient to alert the judge to the possibility of conducting a hearing under Evid.R. 8 to determine whether the witness would invoke his privilege. Under these circumstances, defendant's failure to request a hearing was excusable.
We are equally convinced that the error seriously prejudiced defendant's right to a fair trial. We, thus, find it necessary to reverse defendant's conviction and remand for a new trial.

*234 III
Defendant challenges the admissibility of a videotaped deposition of a State's witness. Since the trial of this matter, we have held that such a deposition may be admitted under certain circumstances. State v. Washington, 202 N.J. Super. 187 (App. Div. 1985). On the retrial, the judge should be guided by the standards established in that opinion.
Defendant also claims that the trial judge's instructions concerning mens rea were confusing. In light of our decision, we need not address that issue. We merely note that on the retrial response to this concern should be tailored according to the evidence presented.

IV
Accordingly, the judgment of conviction is reversed. The matter is remanded for a new trial.
NOTES
[1] Defendant did not argue below, nor does she contend here, that her failure to call her husband as a witness was protected by the spousal privilege set forth in Evid.R. 23(2). We, thus, have no occasion to address that question.
[2] In State v. Karlein, 197 N.J. Super. 451 (Law Div. 1984), the Law Division held that the defense may be precluded from calling a witness to the stand in the presence of the jury for the sole purpose of having him invoke the Fifth Amendment privilege. Id. at 456. See also State v. Cito, 196 N.J. Super. 220 (Law Div. 1984).