STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CATHERINE CREWS, PH.D., DEFENDANT-RESPONDENT.

Argued March 3, 1987—Decided April 9, 1987.

*Robin Parker*, Deputy Attorney General, argued the cause for appellant (*W. Cary Edwards*, Attorney General of New Jersey, attorney).

*Richard M. Altman* argued the cause for respondent (*Pellettieri, Rabstein and Altman*, attorneys).

PER CURIAM.

We granted certification, 104 *N.J.* 428 (1986), to consider the State's contentions 1) that a missing defense witness instruction under *State v. Clawans*, 38 *N.J.* 162 (1962), may not be avoided merely by counsel's representations that if called, the witness would have invoked the fifth amendment privilege against

self-incrimination; and 2) that the witness must exercise the privilege in the presence of the jury.

In its brief to the Appellate Division, the State recognized the substantial precedent elsewhere that it is improper for the jury to draw an adverse inference from a witness's assertion of his fifth amendment privilege. It argued that

> [w]ithout reviewing the facts of each case, the State would submit that although it may be true that no adverse inference should be drawn from a witness's invocation of the testimonial privilege, it does not follow that the mere speculation that a witness will invoke the privilege defeats a missing witness charge. Defendant should not be permitted to assert a testimonial privilege on her husband's behalf as a tactical weapon to defeat a *Clawans* charge where it is otherwise proper. *Cf. State v. Walker*, 80 *N.J.* 187, 194 (1979).

And in its Petition for Certification the State urged that

> [e]ven if a *voir dire* hearing were the proper procedure to determine the invocation of the Fifth Amendment privilege, defense counsel failed to request same, and therefore waived any objection on that ground. *State v. Macon*, 57 *N.J.* 325, 329 (1971). By deciding that defense counsel's failure to request a *voir dire* was excusable * * *, the Appellate Division in effect allowed defense counsel's claim of the Fifth Amendment privilege to substitute for [the missing witness's] personal claim of the privilege.

Following the grant of certification, the parties supplemented the record by stipulation. The stipulation indicates that defendant had requested the court to conduct a hearing outside of the presence of the jury, pursuant to Evidence Rule 8, to establish that if called, the witness would indeed invoke the privilege. We agree that this is the proper procedure to determine whether the witness would exercise the privilege. The trial court, however, refused the request, ruling that the witness must exercise the privilege in the presence of the jury. On this point we agree with the Appellate Division that the privilege does not have to be exercised in the presence of the jury.

With this supplement to the record, we affirm the judgment of the Appellate Division, which reversed and remanded the matter for a new trial to the Superior Court, Law Division, for the reasons stated in the opinion below, 208 *N.J.Super.* 224 (1986).

*For affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.