**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0227-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAWN JACKSON, a/k/a
RA'ZULU S. UKAWABUTU,
and SEAN JACKSON,

     Defendant-Appellant.

_____

Submitted October 7, 2019 – Decided December 9, 2019

Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 89-12-3501 and 90-11-3310.

Ra'Zulu S. Ukawabutu, appellant pro se.

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario Christopher Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Shawn Jackson, a/k/a Ra'zulu S. Ukawabutu, appeals from the June 6, 2018 trial court order denying his motion to correct an illegal sentence. On appeal, defendant argues:

> POINT ONE
>
> BECAUSE THE TRIAL COURT FAILED TO MAKE ANY FINDINGS OF FACT OR CONCLUSIONS OF LAW IN SUPPORT OF ITS ORDER DENYING . . . DEFENDANT'S [RULE] 3:21-10(b)(5) MOTION TO CORRECT AN ILLEGAL SENTENCE THE ORDER SHOULD BE REVERSED AND THE MATTER SHOULD BE REMANDED FOR CONSIDERATION OF . . . DEFENDANT'S CLAIMS.
>
> POINT TWO
>
> THE TRIAL COURT FAILED TO MERGE THE TWO COUNTS OF POSSESSION OF A WEAPON FOR AN UNLAWFUL PURPOSE; FAILED TO MERGE ONE OF THE TWO UNDERLYING PREDICATE OFFENSES (KIDNAPPING AND ROBBERY) INTO THE FELONY MURDER CONVICTION; FAILED TO ARTICULATE ANY FINDINGS AS TO WHICH OFFENSE WAS THE FIRST IN TIME PREDICATE OFFENSE; AND FAILED TO ADHERE TO THE YARBOUGH STANDARD FOR THE IMPOSITION OF A CONSECUTIVE SENTENCE, THEREFORE THE SENTENCE SHOULD BE VACATED AND REMANDED FOR A NEW SENTENCING HEARING.
>
> POINT THREE
>
> THE PRESENTENCING CONDITIONS WERE VIOLATED BY THE SENTENCE IMPOSED,

A-0227-18T4

WHICH WAS FAR MORE SEVERE THAN THE SENTENCE . . . DEFENDANT COULD HAVE RECEIVED HAD COUNSEL PROPERLY ADVISED DEFENDANT OF THE PLEA OFFER OF [THIRTY] YEARS BEFORE DEFENDANT'S PENALTY PHASE AND SENTENCING HEARINGS OR HAD COUNSEL SIMPLY SECURED THE PLEA OFFER THAT WAS MADE.

We agree only with defendant's argument that the sentencing judge did not set forth reasons for imposing a consecutive sentence and remand for resentencing.

During the guilt phase of a capital murder bench trial, defendant was found guilty of all counts of an indictment charging him with:  two counts of third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (counts one and three); two counts of  third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (counts two and four); two separate counts of first-degree conspiracy to commit kidnapping and robbery, N.J.S.A. 2C:5-2 (counts five and seven, respectively); first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1) (count six); first-degree robbery, N.J.S.A. 2C:15-1(a)(3) (count eight); third-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1) (count nine); and first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count ten).  Defendant was also found guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1)(2), the sole count in an indictment that apparently superseded count eleven of the first indictment

3 <span>A-0227-18T4</span>

charging the same crime. The trial judge did not find sufficient evidence to warrant imposition of the death penalty.

Defendant was sentenced on June 20, 1991, to an aggregate sentence of life plus fifteen years with thirty-five years of parole ineligibility: fifteen years with five years of parole ineligibility for kidnapping to be served consecutively to life imprisonment with thirty years of parole ineligibility for murder. All other counts of the indictment either merged or resulted in concurrent sentences. After a remand to allow defendant to challenge the admissibility of oral and taped statements to police, see State v. Jackson, 272 N.J. Super. 543, 565 (App. Div. 1994), we affirmed defendant's conviction; our Supreme Court denied certification after we reviewed the results of the remand, State v. Jackson, No. A-4364-03 (App. Div. Dec. 9, 2005) (slip op. at 2 n.1); State v. Jackson, 142 N.J. 450 (1995).

Defendant filed a pro se motion to the trial court, dated March 10, 2017,[1] to correct an illegal sentence, pursuant to Rule 3:21-10(b), and for an evidentiary

---

[1] Although dated March 10, 2017, the proof of service provided by defendant indicates the motion papers were given to prison staff for mailing on April 10, 2017. We were not provided with a filed copy of any of the moving papers. In its merits brief, the State allows appellant filed the motion on or about March 9, 2017.

hearing, pursuant to Rule 3:22-10(b), together with a supporting affidavit, supplemental certification, and brief, in which he delineated his trial counsel's failures to obtain and later convey a plea offer and set forth his rehabilitation efforts since his incarceration. He also contended his sentence was illegal because: the trial court failed to merge kidnapping, "the first in time predicate," into felony murder; "there was no weighing of aggravating versus mitigating factors pursuant to State v. Yarbo[ugh], 100 N.J. 627 (1985), or reasoning provided by the sentencing [judge] for running the kidnapping count consecutive rather than merging this count;" the sentencing judge was under the mistaken belief that a life sentence with thirty years of parole ineligibility "was the only statutorily permissible sentence," and did not consider a sentence to a lesser term of years.[2]

On February 16, 2018, defendant's public defender sent a letter to the motion judge "with respect to defense's [m]otion for [r]econsideration of

---

[2] Defendant also raised several other points in his motion including: his sentence was "disparate to that of . . . co-defendant Darryl Welch whose convictions were all merged or run concurrent, specifically the kidnapping count;" defendant was sentenced on counts that were dismissed upon the return of the superseding indictment; and "race played a significant role in defendant's case being charged as a capital case, and was the result of impermissible systematic bias[.]" Defendant, however, has not briefed these issues; as such they are deemed waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

5

[s]entence[,]" and repeated that characterization of the motion later in her correspondence. Counsel argued the sentencing judge should have found mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11), and, on resentencing, mitigating factor nine, N.J.S.A. 2C:44-1(b)(9), should apply because of defendant's rehabilitative efforts while in prison.

At the April 4, 2018 motion hearing, defense counsel reiterated defendant's rehabilitation efforts while in prison and the arguments set forth in her letter regarding mitigating factors. Counsel argued the Rule 3:21-10(b)(5) exception to Rule 3:21-10(a) time bar should apply because mitigating factors were not considered at sentencing.[3]

---

[3] Rule 3:21-10(a) provides:

> Except as provided in [Rule 3:21-10(b)], a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the judgment of conviction. The court may reduce or change a sentence, either on motion or on its own initiative, by order entered within [seventy-five] days from the date of the judgment of conviction and not thereafter.

Rule 3:21-10(b)(5) allows a motion to reduce or change a sentence may be filed at any time to correct "a sentence not authorized by law including the Code of Criminal Justice[.]"

In an oral decision following argument, the motion judge, while seemingly addressing the issues raised in defense counsel's letter, reviewed the proffer regarding mitigating factors nine and eleven. Although the motion judge reviewed all of the Rule 3:21-10(b) exceptions, she did not address the issues raised in defendant's pro se motion, except to conclude none of the exceptions to the time bar applied to permit granting the notice of motion which the judge stated was filed on January 17, 2018,[4] "well beyond" the time period prescribed in Rule 3:21-10(a), considering the judgment of conviction was entered in June 1991. Specific to the exception provided in Rule 3:21-10(b)(5), the judge found: "This [c]ourt has been unable to find on the record before it that [the sentencing judge] entered an illegal sentence. So this [c]ourt does find that exception five does not apply."

As stated, the only order provided in the record is that dated June 6, 2018. Because the order—in letter form—provided only that the judge "received [defendant's] most recent [m]otion to [c]orrect an [i]llegal sentence and

---

[4] In their merits briefs, neither the State nor defendant reference a motion filed on January 17, 2018, either by defendant or counsel. Although defendant stated his counsel "filed a separate motion for reduction and/or reconsideration of sentence, which was distinct from . . . defendant's pending R[ule] 3:21-10(b)(5) motion to correct an illegal sentence[,]" the record does not contain that notice of motion.

7

accompanying documents[,]" and did not find "any merit" to his claims, we cannot discern if the order memorialized the judge's April 4, 2018 oral decision or defendant's motion for reconsideration of that decision in which he argued his pro se motion was not addressed. In any event, we will address those issues argued in defendant's merits brief and review de novo the motion judge's denial of the motion to correct an illegal sentence. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016).

Defendant argues the motion judge failed to analyze whether the kidnapping and robbery charges should have merged into his conviction for felony murder, citing State v. Pantusco, 330 N.J. Super. 424, 428-29 (App. Div. 2000) and State v. Hill, 365 N.J. Super. 463, 472 (App. Div. 2004), for the principle that when a defendant is convicted of felony murder, the predicate offenses must merge into the felony murder offense. Pantusco and Hill are inapposite because the defendants in those cases were not tried for murder. Pantusco, 330 N.J. Super. at 429; Hill, 365 N.J. Super. at 466. As we noted in Pantusco, "if a defendant is convicted of purposeful or knowing murder, as well as felony murder, the predicate felonies would not merge." 330 N.J. Super. at 445 n.7 (citation omitted).

The sentencing judge merged defendant's convictions for felony murder conviction and murder. As we did in State v. Russo, 243 N.J. Super. 383, 411 (App. Div. 1990),

> we reject defendant's argument that his conviction for [the predicate offense] should have merged with his conviction for felony murder. Because defendant was convicted not only of felony murder but also purposeful and knowing murder, the felony murder conviction was "surplusage" and thus the underlying felony . . . was not required to be merged into it.
>
> [See ibid. (quoting State v. Stenson, 174 N.J. Super. 402, 406-07 (Law Div. 1980), aff'd o.b., 188 N.J. Super. 361 (App. Div. 1982)).]

We do, however, agree with defendant that the sentencing judge failed to articulate reasons justifying the imposition of a consecutive sentence on the kidnapping conviction. After stating the length of term, the sentencing court simply said, "and that is consecutive to the life sentence. I say consecutive, not concurrent." Although at the outset of his sentencing decision, the judge mentioned two of the aggravating factors[5] "the State might be able to establish" to warrant imposition of the death penalty, "namely, that it was a murder that was committed in the course of a robbery and that it was committed to silence[]

---

[5] Prior to the Legislature's elimination of the death penalty, L. 2007, c. 204, N.J.S.A. 2C:11-3(c)(4) listed the aggravating factors which may have been found by a trier of fact in determining whether to impose the death penalty.

the victim in this case," the judge did not apply any of those findings before imposing the consecutive sentence even though they may have supported such a sentence.

Recognizing that "there can be no free crimes in a system for which the punishment shall fit the crime[,]" our Supreme Court mandated that "the reasons for imposing either a consecutive or concurrent sentence should be separately stated in the sentencing decision[.]"  Yarbough, 100 N.J. at 643; see generally R. 3:21-4(g).  The Court also provided

> some reasons  to be considered by the sentencing court should include facts relating to the crimes, including whether or not:
>      (a) the crimes and their objectives were predominantly independent of each other;
>      (b) the crimes involved separate acts of violence or threats of violence;
>      (c) the crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior;
>      (d) any of the crimes involved multiple victims;
>      (e) the convictions for which the sentences are to be imposed are numerous[.]
>
> [Id. at 644.]

If "a sentencing court properly evaluates the Yarbough factors in light of the record, the court's decision will not normally be disturbed on appeal."  State

10

v. Miller, 205 N.J. 109, 129 (2011). "[I]f[, however,] the court does not explain why consecutive sentences are warranted, a remand is ordinarily needed for the judge to place reasons on the record." Ibid.

We are constrained to remand this case for resentencing at which the resentencing judge must consider whether a consecutive sentence for kidnapping is warranted under the facts of this case. We note the sentencing judge, in rendering his decision during the guilt phase admitted that he made only "general findings" but said he made "them specific by saying that essentially the facts in this case are based upon the statement made by" defendant to law enforcement. The judge continued, "I believe the statement made later in the day which outlines in detail what happened and [defendant's] involvement in it is the true version[.]" We thus commend that statement to the judge for review prior to resentencing.

Inasmuch as the sole purpose of the remand is to set forth reasons for the imposition of a consecutive or concurrent sentence, "such a remand [is] more technical in nature, that is, for the purpose of putting explanatory information on the record, but also the Yarbough analysis itself, which focuses primarily on the circumstances of the crimes committed[.]" State v. Randolph, 210 N.J. 330,

A-0227-18T4

353 (2012). As such, resentencing "does not fairly implicate defendant's rehabilitation efforts." See ibid.

We are not persuaded by defendant's remaining arguments. Although defendant did not address this issue in his merits brief, the sentencing judge did not sentence defendant on a dismissed count. He sentenced defendant on the murder charge set forth in the superseding indictment. Defendant's argument that the judge was under the mistaken impression that a life sentence was mandatory is belied by the record; the judge stated only the parole ineligibility period was mandatory. Defendant did not argue to the motion judge, as he does in his merits and reply briefs, that the sentencing judge erred in failing to merge "two counts of possession of a weapon for an unlawful purpose" into the substantive offense of robbery.[6] We will not consider that argument first raised on appeal. State v. Robinson, 200 N.J. 1, 20 (2009).

---

[6] In defendant's brief, he argues that "his sentence is illegal because the trial judge failed to merge his two counts of possession of a weapon for an unlawful purpose ([c]ounts one and [t]hree)[.]" In defendant's reply brief, however, he concedes that he "mistakenly lists the counts for the possession of a weapon for an unlawful purpose as [c]ounts [o]ne and [t]hree instead of [c]ounts [t]wo and [f]our."

We determine any other of defendant's arguments to be without sufficient merit to warrant discussion in this opinion, Rule 2:11-3(e)(2), adding that his ineffective assistance of counsel arguments, not raised in either of his previous post-conviction relief petitions—the denial of which we affirmed, see State v. Jackson, No. A-1725-00 (App. Div. Oct. 3, 2002)[7]; State v. Jackson, No. A-4986-12 (App. Div. Dec. 1, 2015) (slip op. at 4)—do not relate to an issue cognizable under Rule 3:21-10(b)(5). Further, the record makes clear the sentencing judge did not double-count aggravating factor one;[8] the judge's finding that this was a "cold[-]blooded, unbelievably depraved execution of the victim," was supported by the record which reveals the victim was transported to a wooded area after he refused to reveal his address to defendant, who then fired seven bullets into the victim's head "in order to prevent the victim from being a witness against him."

---

[7] This court referenced the existence of this opinion in State v. Jackson, No. A-5146-12 (App. Div. Dec. 1, 2015) (slip op. at 1 n.2), however, it was not in the record and was unable to be located on either Westlaw or Lexis.

[8] Although the judge did not include aggravating factor one in the orders for commitment, his oral sentencing decision makes clear that he intended its application. "[W]here there is a conflict between the oral sentence and the written commitment, the former will control if clearly stated and adequately shown[.]" State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div. 1956).

A-0227-18T4

Remanded to the Law Division for resentencing in accordance with this decision. We do not express any view as to the outcome of the resentencing, and we do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0227-18T4