952 F.2d 624
 34 Fed. R. Evid. Serv. 1
 UNITED STATES of America, Appellee,
v.
Anthony SALERNO, a/k/a "Fat Tony," Vincent Di Napoli, a/k/a
"Vinnie", Louis Di Napoli, a/k/a "Louie", Matthew Ianniello,
a/k/a "Matty the Horse", John Tronolone, a/k/a "Peanuts",
Milton Rockman, a/k/a "Maishe", Nicholas Auletta, a/k/a
"Nick", Edward J. Halloran, a/k/a "Biff", Alvin O. Chattin,
a/k/a "Al", Richard Costa, a/k/a "Richie", and Aniello
Migliore, a/k/a "Neil", Defendants,
Matthew Ianniello, a/k/a "Matty the Horse", Vincent Di
Napoli, a/k/a "Vinnie", Louis Di Napoli, a/k/a "Louie",
Nicholas Auletta, a/k/a "Nick", Edward J. Halloran, a/k/a
"Biff", Aniello Migliore, a/k/a "Neil", Anthony Salerno,
a/k/a "Fat Tony", and Alvin O. Chattin, a/k/a "Al",
Defendants-Appellants.
 Docket Nos. 88-1464, 88-1470 to 88-1474, 88-1477, 88-1547,
90-1291, 90-1292, 90-1296, 90-1297, 90-1301,
90-1311, 90-1312, 90-1351.
 United States Court of Appeals,
 Second Circuit.
Nov. 20, 1991.
 
 1
 Alan M. Cohen, Mark R. Hellerer, Asst. U.S. Attys., S.D.N.Y., New York City (Otto G. Obermaier, U.S. Atty., Jonathan Leibman, Daniel Nardello, Cathy Seibel, Daniel C. Richman, Asst. U.S. Attys., S.D.N.Y., of counsel), for appellee.
 
 
 2
 Jay Goldberg, New York City (Judd Burstein, of counsel), for defendant-appellant Matthew Ianniello.
 
 
 3
 Michael E. Tigar, Austin, Tex. (Newman & Schwartz, Gustave H. Newman, New York City, of counsel), for defendant-appellant Vincent Di Napoli.
 
 
 4
 Robert L. Ellis, New York City, for defendant-appellant Louis Di Napoli.
 
 
 5
 Herbert J. Miller, Jr., Washington, D.C. (Miller, Cassidy, Larroca & Lewin, Stephen L. Braga, Edith R. Lampson, of counsel), for defendant-appellant Nicholas Auletta.
 
 
 6
 Frederick P. Hafetz, New York City (Goldman & Hafetz, Susan R. Necheles, Christy & Viener, Arthur H. Christy, Maria T. Galeno, Toll, Ebby, Langer & Marvin, Peter F. Marvin, Philadelphia, Pa., Jeremy Gutman, of counsel), for defendant-appellant Edward J. Halloran.
 
 
 7
 Walter P. Loughlin, New York City, for defendant-appellant Aniello Migliore.
 
 
 8
 Judd Burstein, New York City (John Jacobs, of counsel), for defendant-appellant Anthony Salerno.
 
 
 9
 Patrick M. Wall, New York City, for defendant-appellant Alvin O. Chattin.
 
 
 10
 A petition for rehearing containing a suggestion that the action be reheard en banc having been filed herein by appellee, United States of America.
 
 
 11
 The panel that heard the appeal having denied rehearing by order dated September 24, 1991, 937 F.2d 797, and upon further consideration having amended its opinion by order dated November 6, 1991, 952 F.2d 623, and a poll having been requested and taken subsequent to the entry of the September 24, 1991, order,
 
 
 12
 IT IS HEREBY ORDERED that the final paragraph of the September 24, 1991, order with respect to the suggestion for rehearing en banc is amended to read:
 
 
 13
 It is further noted that the suggestion for rehearing en banc having been transmitted to the judges of the court in regular active service and at the request of such a judge, a poll of the judges in regular active service having been taken, a majority has voted not to reconsider the matter en banc. Judge Newman dissents from the denial of en banc reconsideration in an opinion concurred in by Judges Kearse, Mahoney and Walker.
 
 
 14
 JON O. NEWMAN, Circuit Judge (with whom KEARSE, MAHONEY, and WALKER, Circuit Judges, join), dissenting from denial of rehearing in banc:
 
 
 15
 The panel opinion reverses the outcome of a 13-month criminal trial because of an evidentiary ruling that was consistent with the prior law of this Circuit and with the law of all the other circuits to have considered the issue. The panel holds that in the circumstances of this case two defense witnesses who invoked their privilege against self-incrimination are not "unavailable" to the Government for purposes of the hearsay exception of Rule 804(b)(1) of the Federal Rules of Evidence because the prosecutor had the option of conferring use immunity. As a result of that unprecedented holding, the panel concludes that the District Court erred in excluding under Rule 804(b)(1) the defendants' offer of prior grand jury testimony of the two witnesses. United States v. Salerno, 937 F.2d 797 (2d Cir.1991).
 
 
 16
 The two witnesses had testified at the grand jury under a grant of use immunity and had given testimony favorable to the defendants, testimony that the Government believes was false. The defendants offered the witnesses' grand jury testimony at trial. The District Judge excluded the testimony, deeming it hearsay. She ruled that though the witnesses were "unavailable" to the defendants by virtue of invoking their self-incrimination privilege, their statements did not qualify as hearsay exceptions under Rule 804(b)(1) because the Government did not have a "similar motive" to cross-examine at trial as it had at the grand jury. The panel agrees with the District Judge that a witness who refuses to testify on grounds of self-incrimination is normally "unavailable," id. at 805, and that the Government lacked a similar motive to cross-examine at trial as it had at the grand jury, id. at 806. Nevertheless, the panel rules that the Government cannot rely on the lack of similar motive because the witnesses were not "unavailable" to the Government, since it could have conferred use immunity at trial.
 
 
 17
 This Court has previously upheld a trial judge's exclusion under Rule 804(b)(1) of the prior statement of a witness who invokes the self-incrimination privilege at trial. See United States v. Serna, 799 F.2d 842 (2d Cir.1986), cert. denied, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 494 (1987). In Serna we ruled that the Government's motive to cross-examine the prior statement, which was testimony at the witness's own trial, differed from the motive to cross-examine at the subsequent trial of the witness's co-defendants. Yet Serna did not prohibit the Government from relying on this difference in motive. On the contrary, though the Government could have conferred use immunity in Serna, the witness was deemed unavailable, the Government was upheld in its claim of lack of similar motive to cross-examine, and the exclusion of the statement was upheld. The law in other circuits agrees with Serna. See, e.g., United States v. Powell, 894 F.2d 895, 901 (7th Cir.), cert. denied, 495 U.S. 939, 110 S.Ct. 2189, 109 L.Ed.2d 517 (1990); United States v. Lowell, 649 F.2d 950, 965 (3d Cir.1981).
 
 
 18
 Putting the Government to the unattractive choice of suffering the admission into evidence of uncross-examined hearsay that it believes is false or else obtaining the opportunity to cross-examine by conferring use immunity not only ignores the settled law in this Circuit and elsewhere on prior statements of witnesses who invoke the privilege against self-incrimination, but also undermines our consistent rulings refusing to impose on the Government an obligation to confer use immunity on defense witnesses. See United States v. Pinto, 850 F.2d 927, 935 (2d Cir.), cert. denied, 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 (1988); United States v. Turkish, 623 F.2d 769, 772-74 (2d Cir.1980), cert. denied, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981).
 
 
 19
 The panel's ruling also creates serious problems for the Government in the development of evidence at the grand jury. If the Government calls to the grand jury witnesses other than those who are certain to give testimony helpful to the prosecution (and the Government will frequently prefer to call witnesses of this sort, both to investigate undeveloped matters and to freeze a hostile or wavering witness's testimony), it must then accept admission of their hearsay at trial if offered by the defense, or severely limit its opportunity to prosecute them by conferring use immunity. See United States v. North, 910 F.2d 843, 853-73 (D.C.Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991). It is no answer to say that the prosecutor may cross-examine the witness in the grand jury. At a preliminary stage of an investigation, the prosecutor might be unaware that the testimony is false. Even if he disbelieves the witness, the prosecutor might lack the basis for effective cross-examination or might jeopardize an ongoing investigation by cross-examination that reveals the existence and identity of confidential sources.
 
 
 20
 The Government apprehends that the panel's opinion will apply to disable it from claiming a witness's unavailability in other contexts, such as where the Government offers a statement claimed to be against interest under Rule 804(b)(3), see United States v. Williams, 927 F.2d 95, 98-99 (2d Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 307, 116 L.Ed.2d 250 (1991); United States v. Lang, 589 F.2d 92, 95-97 (2d Cir.1978) (use immunity need not be given to witness "unavailable" for purposes of Rule 804(b)(3)), or where a missing witness charge is objected to on the ground that the witness is equally unavailable to both sides, United States v. Simmons, 663 F.2d 107 (D.C.Cir.1979). The panel has usefully amended its original opinion to make explicit that it is not considering whether its novel ruling on witness unavailability applies beyond the context of Rule 804(b)(1). United States v. Salerno, 952 F.2d 623 (2d Cir.1991). But the Government is entitled to be apprehensive that a ruling that a witness is "available" to the prosecution because use immunity can be conferred might in the future be applied to determine "availability" beyond Rule 804(b)(1).
 
 
 21
 Before this Circuit embarks on a new course that relates witness availability to the Government's opportunity to confer use immunity, a course fraught with serious implications for the conduct of grand jury investigations, the matter should receive the careful consideration of the in banc court. I regret that a majority of my colleagues do not consider this ruling to merit rehearing in banc. If the Supreme Court permits the panel's ruling to stand, one may at least hope that the ruling will be limited not merely to Rule 804(b)(1) statements but to the precise circumstances of this case--namely, a Rule 804(b)(1) statement of a witness on whom the Government has previously conferred use immunity at the grand jury. Because I cannot be confident that the panel intends its ruling to be thus limited, and because the ruling departs without justification from the law of this Circuit and creates a needless intercircuit conflict, I respectfully dissent from the decision not to rehear this case in banc.